RICHARD DRESSER & others *vs.* INSPECTOR OF BUILDINGS OF SOUTHBRIDGE & others.

Worcester. January 5, 1965. — April 2, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Mandamus. Zoning,* Enforcement of zoning.

Failure of citizens of a town to appeal to its zoning board of appeals under G. L. c. 40A, § 13, from the issuance of a building permit in alleged violation of the zoning by-law did not bar them from maintaining a mandamus proceeding to compel the appropriate town officials to enforce the by-law with respect to the property in question. [730]

No unreasonable delay on the part of citizens of a town in commencing a mandamus proceeding to compel enforcement of the zoning by-law with respect to certain property nearly two years after issuance of the permit for a building thereon was shown in the circumstances in view of proceedings during that period wherein a variance was granted by the zoning board of appeals and the granting of the variance was annulled in the Superior Court. [730–731]

The merits of a contention that a demurrer to a petition for a writ of mandamus to compel enforcement of a town's zoning by-law should have been sustained for failure of the petition to allege a demand on the respondents to perform their duty and a refusal by them to do so

was not determined by this court in the circumstances where, after overruling of the demurrer, it appeared in later stages of the case that the petitioners had in fact requested enforcement of the by-law and that the respondents believed that they had no enforcing duty to perform at the instance of the petitioners.   [731]

PETITION for a writ of mandamus filed in the Superior Court on February 25, 1964.

The case was heard by *Meagher, J.*

*Harold C. Peterson, Jr.,* Town Counsel, for the respondents.

*Harry Zarrow* for the petitioners.

WHITTEMORE, J.   There was no error in the order for the issuance of a writ of mandamus requiring the inspector of buildings and the selectmen to take action to enforce the zoning by-law pertaining to a five apartment building at 7 Coombs Street in a two family residence district.   The respondents' appeals assert error in the overruling of their plea in bar (entitled "Answer in Abatement") and their demurrer, and in the order that the writ issue.

Failure of the petitioners to appeal from the granting of a permit for the building of the apartment house does not bar mandamus at their instigation.   *Brady* v. *Board of Appeals of Westport, ante,* 515, 520–521.

No basis is shown for refusing relief on the ground of dilatoriness of the petitioners, or estoppel because of their inaction.   We need not decide whether the principle underlying the ruling in *Chilson* v. *Zoning Bd. of Appeal of Attleboro,* 344 Mass. 406, 409–410 (a c. 40A, § 21, appeal; at least nine years' acquiescence and a change in owners), could in some circumstances be applicable in a mandamus case.   No unreasonable delay is shown or is inferable.   The permit for the offending building had been issued March 5, 1962.   Between that date and February 25, 1964, when the petition herein was filed in the Superior Court, the building had been constructed; a petition for a variance had been granted by the board of appeals; the board's order had been annulled in the Superior Court by decree of November 5, 1963; a copy of the decree had been sent to the inspector of buildings on or before December 5, 1963.   Man-

damus proceedings are in the general public interest to enforce the public right (*Brady* case, *supra,* p. 519). For the rule that estoppel cannot stay the hand of a municipality in enforcing its zoning laws, see *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 162–163.

The respondents contend that their demurrer should have been sustained for failure of the petition to allege a demand that the respondents perform their duty and their refusal to do so. See the *Brady* case, *supra,* p. 519. Sending notice to the building inspector of the annulment of the variance, as alleged in the petition, was not direct notice of a violation. But the sender could rightly assume that the building inspector knew the provisions of the zoning by-law and the significance of the decree in removing a basis for a claim of right in the use of the five apartment building. We deem it unnecessary to rule whether the demurrer should have been sustained for absence of a direct averment. The judge, after overruling the demurrer and the plea, proceeded at once to the merits. The evidence left no doubt that one of the petitioners had twice in January, 1964, once by letter and once in person, in effect, asked that the law be enforced. Further, the defence on the merits and the brief in this court show that the respondents believe that they have no enforcing duty to perform at the instance of these petitioners. It would be senseless to make the petitioners start over again in these circumstances.

The respondents in their answer denied the allegation that a violation exists in the maintenance of a five apartment building in a two family zone. There was no direct evidence on the point. The respondents, however, both in the trial below and before this court have impliedly recognized that there is a violation. The owner of the building is not a party and, therefore, no direct enforcing order could issue in any case. The only grounds presented against the issuance of the writ having failed, it is appropriate that the writ issue. The existence of the violation will be directly in issue under the bill in equity that must be brought under G. L. c. 40A, § 22.

*Order for judgment affirmed.*