Louis M. Saab *vs.* Building Inspector of Lowell
& others.[1]

Middlesex.    December 12, 1972. — January 31, 1973.

Present: Hale, C.J., Keville, & Grant, JJ.

*Mandamus. Zoning,* Enforcement of zoning.

An owner of property who did not appeal under G. L. c. 40A, § 21, as
amended, from a decision of the board of appeals of a city granting
zoning variances with respect to adjoining property, and after
expiration of the appeal period filed a motion to intervene in an
appeal from such decision seasonably brought by others but did not
appeal from the denial of his motion, was not entitled to resort to a
mandamus proceeding challenging the validity of the variances on
the ground that he had no alternative remedy. [88]

Petition for a writ of mandamus filed in the Superior
Court on January 25, 1972.

The case was heard by *Tomasello,* J., on demurrer.

*Allan Robinson* (*Charles F. Foster* with him) for the
petitioner.

*Kenneth A. Cohen* (*Peter L. Speronis,* City Solicitor,
with him) for M. B. Associates.

Keville, J.    This action was begun by a petition for a
writ of mandamus in the Superior Court to compel revoca-
tion of building permits for construction then in progress of
an apartment complex in the city of Lowell. The permits
were issued following the granting of two zoning variances
by the board of appeals of that city.

In their demurrers, which were sustained, the respond-
ents (the building inspector and deputy and the inter-
vener, the lessee of the property) assert that the petition
fails to state a cause of action and that mandamus will not

---

[1] The deputy building inspector and M. B. Associates, the lessee of the property
involved in this action, which was permitted to intervene as a respondent.

lie where another effective remedy is available. We resolve the case on the latter ground. Although seeking to compel revocation of the building permits, in essence the petitioner challenges the validity of the variances granted by the board of appeals. He alleges no other flaw underlying the issuance of the permits.

The petitioner, an adjacent property owner, as his petition concedes, chose not to utilize avenues of appeal open to him under the zoning enabling act (G. L. c. 40A, § 21, as amended through St. 1969, c. 706). He failed to appeal from the decision of the board granting the variances. *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418, 420. After the time had expired in which he could have appealed from that decision, he unsuccessfully sought to intervene in an appeal from that same decision seasonably brought to the Superior Court by others.[2] He then neglected to appeal from the denial of his motion to intervene in that case which has now been disposed of by agreement.

Having allowed the time to pass in which these statutory remedies were available to him, he may not now have recourse to a petition for a writ of mandamus on the ground that he has no alternative remedy. 52 Am. Jur. 2d, Mandamus, § 60. *Bellevue Hotel Co.* v. *Building Commissioner of Boston,* 299 Mass. 73, 75-76. The instant case is distinguishable from those relied upon by the petitioner, such as *Gamer* v. *Zoning Board of Appeals of Newton,* 346 Mass. 648, and *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 519-523, and cases cited. Those cases relate to §§ 13 and 16 of G. L. c. 40A, in which mandamus became an appropriate remedy because alternative remedies were unreasonable or never in fact became available to the petitioner.

> *Order sustaining demurrer affirmed.*
> *Petition dismissed.*

---

[2] Albert J. Levasseur & another *vs.* Board of Appeals of Lowell & others, Middlesex Superior Court, Equity No. 32737.