CARL A. NEUHAUS & another[1] vs. BUILDING INSPECTOR
OF MARLBOROUGH & others.[2]

Middlesex.   December 8, 1980. — January 26, 1981.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Administrative Law*, Exhaustion of remedies. *Zoning*, Exhaustion of ad-
ministrative remedies, Judicial review. *Mandamus*.

An action in the nature of mandamus to compel a city's building inspector
to revoke a building permit and to enforce a provision of the city's zon-
ing ordinance against the owners of property abutting lots owned by
the plaintiffs was properly dismissed where the plaintiffs failed to pur-
sue their administrative remedies before resorting to the court for en-
forcement, as required by G. L. c. 40A, § 7, as appearing in St. 1975,
c. 808, § 3. [231-235]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 4, 1979.

The case was heard by *Cratsley*, J., a District Court judge
sitting under statutory authority.

*Argeo P. Cellucci* for the plaintiffs.
*Susan B. Hulme* for Richard L. Wiedeman & another.
*Aldo A. Cipriano*, Assistant City Solicitor, (*Kuson J.
Haddad*, City Solicitor, with him) for the Building Inspec-
tor of Marlborough.

GRANT, J.   In the latter part of December, 1978, the
building inspector of Marlborough issued a building permit
to the defendants Wiedeman for the erection of a single-
family modular home on a lot owned by them which adjoins
lots severally owned by the plaintiffs.   When the Wiede-
mans started construction in the early part of May, 1979,

---

[1] Robert J. Galvin.
[2] Richard L. and Patricia A. Wiedeman.

the plaintiffs filed a complaint in the Superior Court by which they sought to maintain an action in the nature of mandamus to compel the building inspector to revoke the building permit and to enforce against the Wiedemans a minimum lot frontage requirement of the city's zoning ordinance. Two requests by the plaintiffs for preliminary injunctive relief were denied after hearing.

It appeared at trial, which was conducted the following November, that neither of the plaintiffs had ever made any request in writing of the building inspector that he enforce the ordinance in question, as contemplated by G. L. c. 40A, § 7, as appearing in St. 1975, c. 808, § 3.[3] The trial judge concluded that "[t]he plaintiffs have not exhausted their administrative remedies before coming to this [c]ourt" and ordered the action dismissed.[4] The plaintiffs appealed from the ensuing judgment of dismissal. We affirm the judgment.

Our reasons for doing so are found in the provisions of the present G. L. c. 40A which require that all questions concerning the enforcement of valid zoning ordinances and by-laws[5] be determined at the local administrative level before resort may be had to a court for enforcement.

General Laws c. 40A, § 7, provides: "The inspector of buildings . . . or person or board designated by local ordinance or by-law, shall be charged with the enforcement of

[3] Except as otherwise specifically indicated, all references to provisions of G. L. c. 40A are to the provisions of that chapter as they appeared in St. 1975, c. 808, § 3. None of the changes in those provisions which were effected by St. 1977, c. 829, and by St. 1978, c. 478, § 32, is of any significance in the present case.

[4] In the view we take of this case, there is no need to consider any of the other reasons given by the judge for dismissing the action.

[5] No question has been raised as to the validity of the ordinance which is involved in this case. We leave to another day the question whether the statutory provisions discussed in this case must be followed in a case in which a contention is raised that a zoning ordinance or by-law, or some amendment thereof, is invalid. See G. L. c. 185, § 1 (j ½). See also Healy, Massachusetts Zoning Practice Under the Amended Zoning Enabling Act, 64 Mass. L.Rev. 157, 163 (1979).

the zoning ordinance or by-law[6] and shall withhold a permit for the construction, alteration or moving of any building or structure if the building or structure as constructed, altered or moved would be in violation of any zoning ordinance or by-law; and no permit or license shall be granted for a new use of a building, structure or land which use would be in violation of any zoning ordinance or by-law. If the officer or board charged with enforcement of zoning ordinances or by-laws is requested in writing to enforce such ordinances or by-laws against any person allegedly in violation of the same and such officer or board declines to act, he shall notify, in writing, the party requesting such enforcement of any action or refusal to act, and the reasons therefor[], within fourteen days of receipt of such request."[7] The second sentence of the second paragraph of § 7 reads in material part: *"No action, suit or proceeding shall be maintained in any court . . . except in accordance with the provisions of this section, section eight and section seventeen . . ."* (emphasis supplied). The third paragraph of § 7 confers jurisdiction on the Superior Court to "enforce the provisions of this chapter, and any ordinances or by-laws adopted thereunder, and [to] restrain by injunction violations thereof."

Section 8 of G. L. c. 40A provides in pertinent part: "An appeal to the permit granting authority as the zoning ordinance or by-law may provide,[8] may be taken by any person aggrieved by reason of his inability to obtain . . . enforcement action from any administrative officer under the provisions of this chapter . . . or by any person . . . aggrieved

---

[6]The building inspector is the person so charged under the Marlborough zoning ordinance.

[7]The Marlborough ordinance was amended shortly prior to June 30, 1978 (see *Casasanta* v. *Zoning Bd. of Appeals of Milford,* 377 Mass. 67, 71-73 [1979]), to include a provision that reads almost directly on the last sentence of this quotation.

[8]General Laws c. 40A, § 1A, inserted by St. 1977, c. 829, § 3A, defines the "[p]ermit granting authority" as the "board of appeals or zoning administrator." Marlborough does not have a "zoning administrator." See G. L. c. 40A, § 13.

by an order or decision of the inspector of buildings, or other administrative official, in violation of any provision of this chapter or any ordinance or by-law adopted thereunder." Section 15 of that chapter provides that an appeal under § 8 "shall be taken within thirty days from the date of the order or decision which is being appealed, by filing a notice of appeal, specifying the grounds thereof, with the city or town clerk . . . ."

Section 14 of c. 40A contains an express grant of jurisdiction to a board of appeals "(1) [t]o hear and decide appeals in accordance with section eight."[9] The concluding paragraph of that section reads: "In exercising the powers granted by this section, a board of appeals may, in conformity with the provisions of this chapter, make orders or decisions, reverse or affirm in whole or in part, or modify any order or decision, and to that end shall have all the powers of the officer from whom the appeal is taken . . . ."

Returning to § 15, we find that the board of appeals is required to hold a public hearing on the appeal, after notice (see § 11), within sixty-five days of the city or town clerk's transmission of the appeal to the board and to render a decision on the appeal within seventy-five days after the date of the filing of the appeal.[10] Notice of the decision must be mailed to the appellant forthwith. The last sentence of § 15 provides: "Each notice shall specify that appeals, if any, shall be made pursuant to section seventeen and shall be filed within twenty days after the date of filing of such notice in the office of [the] city or town clerk."

Section 17 provides for an appeal to an appropriate court by "[a]ny person aggrieved by a decision of the board of appeals . . . whether or not previously a party to the proceed-

---

[9] The Marlborough zoning ordinance contains a cognate provision adopted by the city council on June 26, 1978.

[10] We are at a loss to understand why the fourth paragraph of § 15 requires more than a simple majority of a board of appeals to set aside an illegal act of a building inspector or to enter an order requiring him to enforce the provisions of a zoning ordinance or by-law. That anomaly may result in needless appeals to a court solely for the purpose of invoking its powers under the seventh sentence of the second paragraph of G. L. c. 40A, § 17.

ing, . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk." In the seventh sentence of the second paragraph of that section we find the long-familiar powers of the court which formerly appeared in G. L. c. 40A, § 21, as in effect prior to St. 1975, c. 808, § 3: "The court shall hear all evidence pertinent to the authority of the board . . . and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board . . . or make such other decree as justice and equity may require."

We have carefully considered all the arguments advanced by the plaintiffs as to why they should not be required to exhaust the administrative remedies set out in the statute before resorting to a court, and in particular their argument as to the time which may be consumed in pursuing the administrative process under c. 40A, §§ 7, 8 and 15.[11] We have also reviewed the line of cases represented by *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 517-522 (1965), which generally permitted a citizen (including abutters such as these plaintiffs) to proceed by mandamus to vindicate the public right to enforcement of zoning ordinances and by-laws.[12] We have also noted on our own that nothing in any of §§ 7, 8, 11, 15 and 17 provides for written notice to the person against whom enforcement is sought that his

---

[11] If the plaintiffs had diligently exhausted their administrative remedies in this case, they could have been in court at approximately the same time that the present action was commenced.

[12] Compare *Dresser* v. *Inspector of Bldgs. of Southbridge*, 348 Mass. 729, 730 (1965); *Harrison* v. *Building Inspector of Braintree*, 350 Mass. 559, 561 (1966); *Kennedy* v. *Building Inspector of Randolph*, 351 Mass. 550, 553 (1967); *Cullen* v. *Building Inspector of No. Attleborough*, 353 Mass. 671, 674 (1968); *Crawford* v. *Building Inspector of Barnstable*, 356 Mass. 174, 180 (1969). Contrast *Stow* v. *Pugsley*, 349 Mass. 329, 331, 335 (1965); *Hallenborg* v. *Town Clerk of Billerica*, 360 Mass. 513, 519 (1971); *Saab* v. *Building Inspector of Lowell*, 1 Mass. App. Ct. 87, 88 (1973). There is nothing in *Massachusetts Outdoor Advertising Council* v. *Outdoor Advertising Bd.*, 9 Mass. App. Ct. 775, 788-789 (1980), contrary to the conclusion which we reach in this case.

rights have been drawn into question, with the result that practical as well as legal problems may arise if a building inspector or other enforcement officer is ultimately ordered to pursue the administrative or judicial remedies available under § 7. See *Dresser* v. *Inspector of Bldgs. of Southbridge,* 348 Mass. 729, 731 (1965); *Woods* v. *Newton,* 349 Mass. 373, 379 (1965).[13]

But when all is said and done, there is no escape from the explicit prohibition of § 7 that "[n]o action, suit or proceeding shall be maintained in any court . . . except in accordance with the provisions of [§§ 7, 8 and 17]." The voluminous legislative history of the present c. 40A (see, e.g., 1972 House Doc. No. 5009, at 54, 55-57, 59-61, 94-96, 99-103; 1974 House Doc. No. 2522, at 30-36; 1974 House Doc. No. 5864, at 12-13, 19-23; 1975 House Doc. No. 5600, at 11-12, 19-23) compels the conclusion that § 7 means exactly what it says.

*Judgment affirmed.*

---

[13] Even in the absence of any statutory requirement, it would be prudent and sensible for the person seeking enforcement to give notice of the pending administrative proceedings to the person against whom enforcement is sought. The latter would be entitled to be heard at every stage of the proceedings and would clearly be a "person aggrieved" within the meaning of § 17.