WILLIAM C. BEARCE CORPORATION *vs.* BUILDING INSPECTOR OF BROCKTON & another.[1] February 9, 1981. The plaintiff appeals from a judgment of the Superior Court refusing to enjoin the construction of a commercial building on plot 71, owned by the defendant LaFranchise, Jr., as trustee, and refusing to revoke the construction permit issued by the defendant inspector of buildings of the city of Brockton for construction of the proposed building.

It does not appear from the record that the plaintiff made a written request of the building inspector for enforcement of the Brockton zoning ordinance (§ 27-51 of the ordinance charges the building inspector with enforcement of the ordinance) in accordance with G. L. c. 40A, § 7, as appearing in St. 1975, c. 808, § 3. This section provides in pertinent part:

---

[1] Arthur J. LaFranchise, Jr., individually and as trustee of Green Trust Company.

"No action, suit or proceeding shall be maintained in any court . . . except in accordance with the provisions of this section, section eight or section seventeen . . . ." Had the plaintiff made the written request for enforcement and had it been denied, the proper route of appeal would have been to the board of appeals of Brockton as provided by § 8 of G. L. c. 40A, as appearing in St. 1975, c. 808, § 3. In these circumstances, under the provisions of c. 40A, § 7, the Superior Court lacked jurisdiction to hear the dispute. *Neuhaus* v. *Building Inspector of Marlborough, ante* 230 (1981). We are required to note the lack of jurisdiction issue even though it was not raised below or on appeal.

The present judgment is vacated and a new judgment is to be entered declaring the court lacked jurisdiction.

*So ordered.*

*J. Russell Hodgdon* (*P. J. Piscitelli* with him) for the plaintiff.

*Joseph I. Sousa,* Assistant City Solicitor, for the Building Inspector of Brockton.

*Victor G. Fields,* for Arthur J. LaFranchise, Jr., submitted a brief.