MATTHEW V. BYRNE, JR., & others, individually and as trustees, *vs.* LINDSEY R. PERRY & another. June 16, 1981. The plaintiffs contend that the defendants violated the agreement dated December 20, 1978, when they formed a residential building lot by adding to a parcel of unrestricted land a portion of the land designated in the agreement as the "Green Belt." The argument focuses on an introductory clause which records the "desire" of the parties that the Green Belt "shall be forever left as an open area in its natural state and be used only for conservation purposes and not be subject to any future development." The agreement, after reciting the receipt of consideration, goes on to say, "IT IS AGREED AS FOLLOWS:," and there follow several numbered paragraphs, one of which (the only one relevant to the plaintiffs' contentions) states "that no building or other structures shall be constructed, built or suffered to exist on the land designated as the Green Belt . . ., except for such utility rights and driveway rights as are particularly set forth in [an instrument of restriction executed the previous day]." The restriction instrument provides that the Green Belt "shall be forever left as an open area in its natural state and no structures or buildings . . . shall be erected or placed thereon nor shall any commercial use be made thereof," but provides for the maintenance of a particular dirt driveway and for the installation of underground utilities, wells and septic systems in the Green Belt so long as the surface is restored to its natural condition after installation. The defendants have constructed a dwelling on the lot in question, but wholly on the unrestricted portion of the lot. We think that the trial judge was correct in ruling that the portions of the agreement and the restriction quoted above prohibit construction on or other physical alteration of the Green Belt except as specifically allowed but do not prohibit such abstract uses of Green Belt land as incorporating portions of it to meet the dimensional requirements of the zoning by-law. The introductory clause stated the general objects the parties had in mind when, with the help of experienced counsel, they set out the specific terms by which they agreed to be bound. The agreement read as a whole does not permit a construction that the introductory clause was the core of the agreement and the numbered paragraphs merely instances of its application. The portions of the agreement not mentioned above, not being the basis of argument either in this court or, so far as appears, in the Superior Court, need not be discussed.

*Judgment affirmed.*

*Laura J. Goldin* for the plaintiffs.
*Stuart T. Rossman* (*Daniel B. Bickford* with him) for the defendants.