McDonald's Corporation *vs.* Town of Seekonk & others.

Bristol.  May 11, 1981. — August 18, 1981.

Present: Hale, C.J., Grant, & Smith, JJ.

*Zoning*, Exhaustion of administrative remedies, Judicial review. *Administrative Law*, Exhaustion of remedies. *Jurisdiction*, Zoning appeal.

An action seeking declaratory relief concerning a building inspector's refusal to issue a building permit after the plaintiff's plan was disapproved by the planning board was dismissed for lack of jurisdiction where the plaintiff failed to appeal the denial to the board of appeals before commencing the action, as required by G. L. c. 40A, § 7. [352-353]

Civil action commenced in the Superior Court Department on June 21, 1979.

The case was heard by *Clancy*, J., a District Court judge sitting under statutory authority.

*Max Volterra*, Town Counsel, for the defendants.
*Edward F. Harrington* for the plaintiff.

Smith, J.  McDonald's Corporation (McDonald's) brought an action against the town of Seekonk (Seekonk), its planning board, the town clerk, and the town building inspector, seeking declaratory relief concerning the decisions of the planning board and the building inspector denying a building permit for the construction of parking areas adjacent to a fast food restaurant that McDonald's planned to construct in Seekonk.  Judgment in favor of McDonald's was entered in the Superior Court after a trial before a judge, sitting without jury.  The defendants appealed, and we reverse and dismiss the action, holding that under the provisions of G. L. c. 40A, as now in effect, the Superior Court lacked jurisdiction to hear the matter in the absence of its having previously been considered by the board of ap-

peals. *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. 230 (1981).

The undisputed facts show that McDonald's sought a building permit to construct a fast food restaurant. Because its plan called for more than five parking spaces, it had to obtain a separate building permit for the parking areas. Under the zoning by-law, McDonald's plan for the parking areas had to be submitted to the planning board for its approval before a separate building permit for those areas could be obtained from the building inspector.[1] Despite the fact that the proposed restaurant was to be located in a business zone and was a permissible use under the zoning by-law, the planning board rejected the plan, stating, "Plan disapproved in that it was not appropriately before the Planning Board based upon interpretation of Zoning By-law Section 7.1 in light of Section 1, Purpose of the Zoning By-law." The board, in essence, rejected the plan because it believed that the intended use was prohibited in a business zone. After the rejection, the building inspector refused to issue the separate building permit for the parking areas, citing as his reason the fact that the parking lot plan had not been approved by the planning board. McDonald's appealed from the decision of the planning board to the board of appeals but did not pursue that route and subsequently brought this action.[2]

---

[1] Sections 10.3.10 and 10.3.10.1 of Seekonk's zoning by-law read as follows:

"*10.3.10* A separate building permit shall be obtained from the Building Inspector for all parking areas and loading areas of over five (5) spaces."

"*10.3.10.1* Prior to the issuance of a building permit for said parking areas and said loading areas, a plan shall be submitted to the Planning Board for review of compliance with these by-laws. A permit shall not be issued without either an approved plan signed by the Clerk of the Planning Board or by indicated approval as follows. If the Planning Board does not act to reject such plan within twenty-four (24) consecutive days after receipt of the plan, it shall be deemed to be acceptable and the plan shall be signed 'Approved by default' by the Town Clerk."

[2] McDonald's argues that the "rejection" by the planning board was not a "rejection" under the terms of § 10.3.10.1 of the zoning by-law, which states, in pertinent part, that "[i]f the Planning Board does not act to reject such plan within twenty-four (24) consecutive days after the receipt of

By statute, "[t]he responsibility for enforcing zoning ordinances or by-laws lies with the municipality and is assigned by statute to the building inspector or other specified municipal officers." *Morganelli* v. *Building Inspector of Canton*, 7 Mass. App. Ct. 475, 481 (1979). G. L. c. 40A, § 7, as appearing in St. 1975, c. 808, § 3.[3] Under Seekonk's zoning by-law, the building inspector is the enforcement officer.[4] Therefore, under the statute and by-law, the planning board has no role in enforcing the zoning regulations. Once the building inspector denied the building permit for the parking areas, McDonald's sole recourse was an appeal to the board of appeals. See *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. 230, 233 (1981). This action was filed, tried and decided before our decision in the *Neuhaus* case and therefore, the question of jurisdiction was not argued below. However, we are required to note the lack of jurisdiction, even though it was not raised at the trial level or on appeal. *William C. Bearce Corp.* v. *Building Inspector of Brockton*, 11 Mass. App. Ct. 930 (1981).

The present judgment is vacated, and a new judgment is to be entered dismissing the action for lack of jurisdiction.

*So ordered.*

---

the plan, it shall be deemed to be acceptable and the plan shall be signed 'Approved by Default' by the Town Clerk." Therefore, McDonald's contends that the plan should be marked "Approved by Default" by the town clerk. See *Building Inspector of Attleboro* v. *Attleboro Landfill, Inc.*, 384 Mass. 109 (1981). The problem with this contention is that the plaintiff still has to take an appeal to the board of appeals prior to filing a civil action.

[3] General laws c. 40A, § 7, has expanded the role of the building inspector in enforcing the zoning by-laws. Contrast G. L. c. 40A, § 12, as in effect prior to St. 1975, c. 808, § 3, which revised the subject matter of § 12 in the form of the present G. L. c. 40A, § 7. Under G. L. c. 40A, § 12, the inspector's powers as to enforcement of the zoning by-laws were limited to withholding a permit "for the construction or alteration of any building or structure if the building or structure as constructed or altered would be in violation of any ordinance or by-law . . . ."

[4] Section 15.1 of the zoning by-law reads as follows:

"BUILDING INSPECTOR. This by-law shall be enforced by the Board of Selectmen through the Building Inspector." We note that this section is inconsistent with the first sentence of G. L. c. 40A, § 7, as appearing in St. 1975, c. 808, § 3, which provides for enforcement by the selectmen only if there is no building inspector.