THE BROTHERHOOD OF ALPHA UPSILON, INC. *vs.* ZONING BOARD OF AP-
PEALS OF BRIDGEWATER & others.[1]  April 21, 1983.  The plaintiff has ap-
pealed from a judgment of the Superior Court which affirmed a decision
of the board of appeals by which the board (a) determined that the use the
plaintiff is making of its property is one which violates the relevant zoning
by-law and (b) ordered the building inspector to enforce the by-law by
ordering the plaintiff to cease and desist from the use in question.  See
*Neuhaus* v. *Building Inspector of Marlborough,* 11 Mass. App. Ct. 230,
231-235 (1981); *William C. Bearce Corp.* v. *Building Inspector of
Brockton,* 11 Mass. App. Ct. 930 (1981); *McDonald's Corp.* v. *Seekonk,*
12 Mass. App. Ct. 351, 353 (1981).  1. There is no merit to the argument
which the plaintiff has attempted under the present G. L. c. 40A, §§ 12
and 15, but the judgment is infected with numerous errors, not the least of
which is the absence of findings of fact necessary to a determination of the
propriety of the board's decision.  See G. L. c. 40A, § 17; *Neuhaus* v.
*Building Inspector of Marlborough,* 11 Mass. App. Ct. at 233-234.  See
and compare *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass.
157, 163-164 (1977).  2. We reject the notion that the expanded definition
of a "lodging house" which was not adopted by the Legislature until 1965
(G. L. c. 140, § 22, as appearing in St. 1965, c. 171), and then only for
use in G. L. c. 140, §§ 22 to 31, could shed any light on the meaning of
the words "lodging houses" as employed in § IV-1(g) of the original zon-
ing by-law of 1957.  Compare *Mioduszewski* v. *Saugus,* 337 Mass. 140,
145 (1958); *Framingham Clinic, Inc.* v. *Zoning Bd. of Appeals of Fram-
ingham,* 382 Mass. 283, 290-296 (1981).  The judge would have done bet-
ter to consider the words in (g) in the context of the other uses permitted
by § IV-1 and whether those words assumed content from the re-
quirements of § IV-2,  3. More to the point, a further source of serious er-
ror is clear from the concluding sentence of the first unnumbered
paragraph of the board's decision, from par. 13 of that decision, from the
remarks of both counsel at trial, and from the numerous inconsistencies
between the provisions of the original 1957 by-law (which was the only
one offered in evidence) and what is permitted or required by the present
G. L. c. 40A (see *Casasanta* v. *Zoning Bd. of Appeals of Milford,* 377
Mass. 67, 70-73 [1979]; *Shalbey* v. *Board of Appeal of Norwood,* 6 Mass.
App. Ct. 521, 524-527 [1978]).  The judge plainly did not have before
him the zoning by-law which was in effect at the times of the inspection
by the building inspector, the hearing before the board or the trial in the
Superior Court.  The judge could not take judicial notice that there had
been no change in the relevant provisions of the by-law between 1957 and
the time of trial in 1981 (*Warren* v. *Zoning Bd. of Appeals of Amherst,*
383 Mass. 1, 8 [1981]), but that disability seems not to have prevented his
affirming a decision which was based on a by-law he had never seen.

---

[1] The board of selectmen and the building inspector of Bridgewater.

4. Finally, it is clear from several of the colloquies with counsel that the judge failed to appreciate that the plaintiff in this case does not have the burden of producing any evidence, even though it is the one questioning the decision of the board.  This is not an instance in which a landowner is obliged to support the decision of the board, such as would be the case if he were forced to rely on the grant of a variance or a special permit.  See *Warren* v. *Zoning Bd. of Appeals of Amherst,* 383 Mass. at 9; *Ranney* v. *Board of Appeals of Nantucket,* 11 Mass. App. Ct. 112, 118 (1981).  Nor is this an instance in which the landowner must rely on a nonconforming use.  See *Bridgewater* v. *Chuckran,* 351 Mass. 20, 24 (1966); *Cape Resort Hotels, Inc.* v. *Alcoholic Licensing Bd. of Falmouth,* 385 Mass. 205, 212 (1982), S.C., 388 Mass. 1013 (1983).  This case, regardless of how it arose, has now assumed the posture of an enforcement case, in which the building inspector (or whoever has the duty of enforcement under the present by-law) has the burden of proving that the plaintiff's use of its premises violates the by-law.  5. The judgment is reversed, and the case is to stand for further proceedings in the Superior Court which are consistent with this opinion; costs of appeal are not to be awarded to any party.

*So ordered.*

*Michael P. Mack* for the plaintiff.
*Melvyn D. Cohen,* Town Counsel, for the defendant.