CITY OF WOBURN *vs.* McNUTT BROS. EQUIPMENT CORP.
& others.[1]

Middlesex.    February 14, 1983. — June 24, 1983.

Present: GRANT, PERRETTA, & WARNER, JJ.

*Practice, Civil,* Declaratory relief. *Zoning,* Exhaustion of administrative
remedies. *Municipal Corporations,* By-laws and ordinances.

An action by a city seeking declaratory and injunctive relief against cer-
tain landowners was premature and was correctly dismissed for failure
of the city council, as the special permit granting authority under the
zoning ordinance, to pursue its administrative remedy of appealing a
decision of the city's building inspector to the board of appeals, as pro-
vided by G. L. c. 40A, § 8, where the council had been aggrieved by
the refusal of the building inspector to enforce the city's zoning ordi-
nance against the landowners, who claimed the right to continue a
nonconforming use of their land. [238-241]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 27, 1981.

The case was heard by *Mitchell,* J., on a motion to dis-
miss.

*John Darcy,* Assistant City Solicitor, for the plaintiff.

PERRETTA, J.   The individual defendants own land upon
which they operate a heavy equipment contracting busi-
ness.  The land is located in an area of Woburn that is zoned
for residential use.  Sometime in 1979 or 1980, a dispute
began between the city council and the building inspector
as to whether the defendants' operating, parking, storing,
and repairing of dump trucks, front-end loaders, and other
vehicles and equipment on their premises constituted, as the
building inspector had concluded, a "legal nonconforming

---

[1] Dennis M. McNutt, Daniel J. McNutt and Donald A. McNutt, owners
of the premises and principals in the defendant corporation.

operation," in existence prior to the enactment of the 1970 Woburn zoning ordinance, or, as the city council insisted, an illegal enlargement of an otherwise protected preexisting use. The city council issued a resolve recommending that the building inspector enforce the zoning ordinance. When he did not comply with demands of the council, the city brought an action against the defendants in the Superior Court under G. L. c. 231A, § 1, seeking a declaration that their use of the land was in violation of the zoning ordinance and requesting injunctive relief. The defendants moved to dismiss the complaint for the reason, among others, that the city had not exhausted its administrative remedies.[2] The motion was allowed, judgment ensued, and the city appeals. We affirm.

On June 23, 1978, the city accepted St. 1975, c. 808, "The Zoning Act,"[3] and for purposes of compatability therewith, amended its zoning ordinance. We have been provided with a record appendix which includes, along with other exhibits, only art. X of the zoning ordinance, as "updated to June, 1981."

By § 10.00 of the ordinance, the building inspector is given "the powers necessary to administer and enforce the provisions of this Ordinance." See G. L. c. 40A, § 7. The city council is designated as the special permit granting authority, § 10.08, and the board of appeals is comprised of "three members who shall be citizens of Woburn," § 10.09. See G. L. c. 40A, § 1A, inserted by St. 1977, c. 829, § 3A.

Section 10.08(3) of the zoning ordinance provides that "the extension or enlargement of a nonconforming use," as

---

[2] Because of the conclusion we reach, we need not consider the other grounds recited in the motion to dismiss, that the building inspector had concluded that the defendants' use of their land was legal and that a declaration would not terminate the controversy.

[3] Except as otherwise specifically indicated, all references to provisions of G. L. c. 40A are to the provisions of that chapter as they appeared in St. 1975, c. 808, § 3. None of the changes in those provisions which were effected by St. 1977, c. 829, or by St. 1979, c. 106, is of any significance in the present case.

provided in G. L. c. 40A, § 6,[4] can be authorized only by the city council as a "special exception." An application for a special exception is made to the building inspector "and forwarded to the City Council, [and] the Council may, in appropriate cases and subject to appropriate conditions and safeguards, grant a permit for such Special Exception . . . and no others."

Because of the building inspector's decision that the defendants do not need a special permit, they have no reason to submit an application for the same under the procedures set out in § 10.08 of the ordinance and G. L. c. 40A, § 6. Community review of the dispute had been bypassed, thus far, as the city believes itself to be without a local administrative remedy and, hence, its action against the defendants under G. L. c. 231A.[5]

The city argues that declaratory relief is available where, if it is withheld, a municipality will be estopped from enforcing its zoning ordinance. See *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 162 (1962); *Building Inspector of Lancaster* v. *Sanderson,* 372 Mass. 157, 162-163 (1977). While that might be, G. L. c. 40A, § 7, requires that local administrative remedies, if available, be exhausted before judicial relief is sought. ("No action, suit or proceeding shall be maintained in any court . . . except in accordance with the provisions of this section, section eight and section seventeen. . . .") See also *Neuhaus* v. *Building Inspector of Marlborough,* 11 Mass. App. Ct. 230, 231 (1981). There a judgment of dismissal of the plaintiff land-

---

[4] Section 6 provides in pertinent part: "Pre-existing nonconforming . . . uses may be extended or altered, provided, that no such extension or alteration shall be permitted unless there is a finding by the permit granting authority or by the special permit granting authority designated by ordinance or by-law that such change, extension or alteration shall not be substantially more detrimental than the existing nonconforming use to the neighborhood." Comparable findings are required by § 10.08 of the zoning ordinance.

[5] A complaint for declaratory relief to determine the "right, duty, status or other legal relations under . . . [a] municipal ordinance" is authorized by G. L. c. 231A, § 2, as inserted by St. 1945, c. 582, § 1.

owners' action in the nature of mandamus to compel the building inspector to revoke a building permit and to enforce a minimum lot frontage requirement was affirmed because "the provisions of the present G. L. c. 40A . . . require that all questions concerning the enforcement of valid zoning ordinances and by-laws be determined at the local administrative level before resort may be had to a court for enforcement" (footnote omitted). Contrast *Castelli* v. *Selectmen of Seekonk,* 15 Mass. App. Ct. 711, 716 (1983), where it was held that a proceeding to revoke a building inspector's decision on the ground of improper influence did not involve an action for judicial enforcement of the type precluded by G. L. c. 40A, § 7.[6]

Whether the city has a right to proceed with the present action turns on the availability of an administrative remedy at the local level. We find such a remedy in G. L. c. 40A, § 8, which we set out in full, italicizing that portion upon which our conclusion is based:

> "*An appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken* by any person aggrieved by reason of his inability to obtain a permit or enforcement action from any administrative officer under the provisions of this chapter, by the regional planning agency in whose area the city or town is situated, or *by any person including an officer or board of the city* or town, or of an abutting city or town *aggrieved by an order or decision of the inspector of buildings,* or other administrative official, *in violation of any provision of this chapter or any ordinance* or by-law *adopted thereunder.*"

As used throughout G. L. c. 40A, the permit granting authority "shall mean the board of appeals or zoning adminis-

---

[6] While the city disputes the decision of the building inspector, it makes no suggestion of impropriety on his part in the decision-making process.

trator," G. L. c. 40A, § 1A, in this instance, the board of appeals comprised of "three members who shall be citizens of Woburn." § 10.09 of the zoning ordinance. Moreover, the city council, in its capacity as the special permit granting authority, see G. L. c. 40A, § 1A, and § 10.08 of the zoning ordinance, constitutes a "board of the city" within the meaning of G. L. c. 40A, § 8. See 8A McQuillin, Municipal Corporations § 25.217 (3d rev. ed. 1976). By reason of § 10.08, as well as G. L. c. 40A, § 6, which vests in the city council as the special permit granting authority the power to grant extensions or enlargements of nonconforming uses upon the making of certain required findings of vital interest to the locality, we also conclude that the special permit granting authority (the city council) has a "legitimate interest in preserving the integrity of the district" from what it believes to be an impermissible enlargement of a nonconforming use (*Waltham Motor Inn, Inc.* v. *LaCava*, 3 Mass. App. Ct. 210, 217 [1975]; *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 629 [1977]), and is, therefore, "aggrieved by an order or decision of the inspector of buildings" within the scope of G. L. c. 40A, § 8. Cf. *Morganelli* v. *Building Inspector of Canton*, 7 Mass. App. Ct. 475, 481-482 (1979).

We see nothing in G. L. c. 231A or in G. L. c. 40A which either justifies or requires an exemption from compliance therewith by municipalities or by their zoning boards or other officials. Additionally, our reading of these provisions is consistent with the general purpose of the revised c. 40A, as discussed in *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. at 231-235. See also *William C. Bearce Corp.* v. *Building Inspector of Brockton*, 11 Mass. App. Ct. 930 (1981); *McDonald's Corp.* v. *Seekonk*, 12 Mass. App. Ct. 351 (1981). See and compare *Castelli* v. *Selectmen of Seekonk*, 15 Mass. App. Ct. 711 (1983). Further, we reject any notion that the letter and the spirit of these provisions can be frustrated by recognition of the municipality as an entity separate and apart from its zoning officials (here, the city council acting as the special permit

granting authority) for purposes of commencing its own judicial proceedings where those zoning officials have administrative remedies at the local level.

Finally, we see nothing in that part of G. L. c. 40A, § 15, providing that an appeal under G. L. c. 40A, § 8, "shall be taken within thirty days from the date of the order or decision which is being appealed, by filing a notice of appeal, specifying the grounds thereof, with the city or town clerk," that would operate as an estoppel against the city's enforcement, through the city council as the special permit granting authority, of its zoning ordinance for the reason, if no other, that the present case concerns allegations of a continuing impermissible use of the property by the defendants. Should the city decide to pursue properly enforcement of its zoning ordinance and exhaust its administrative remedies at the local level, attention is invited to *Neuhaus* v. *Building Inspector of Marlborough,* 11 Mass. App. Ct. at 235 n.13.

It follows from what we have said that the Superior Court judge correctly dismissed the action.

*Judgment affirmed.*