BOARD OF SELECTMEN OF TEWKSBURY vs. WILLIAM GRANFIELD & others. February 24, 1984. *Administrative Law*, Exhaustion of remedies. *Zoning*, Exhaustion of administrative remedies, Judicial review.

The selectmen brought this action to terminate the defendants' use of certain premises as a boarding house. The complaint consisted of three counts. The first sought a determination that boarding houses are not a permitted use under the Tewksbury zoning by-law and an injunction prohibiting the defendants from using the premises as such. The second sought the same injunctive relief based on a contention that the defendants' operation of a boarding house without a license was unlawful. The third sought an order in the nature of mandamus to compel the town's building commissioner (who in his individual capacity is one of the owners of the boarding house) to enforce the zoning by-law. The judgment declared that the defendants' use of the premises as a boarding house was not in violation of the zoning by-law and denied injunctive relief.

The selectmen's brief on appeal presents no argument that they were entitled to a favorable judgment under count 2. Insofar as the judgment denied injunctive relief under that count, there was no error.

Counts 1 and 3 should have been dismissed for want of jurisdiction. The plaintiffs were required to pursue their administrative remedies under G. L. c. 40A, §§ 7, 8 and 15, before seeking relief in court. See *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. 230, 232-236 (1981); *William C. Bearce Corp.* v. *Building Inspector of Brockton*, 11 Mass. App. Ct. 930 (1981); *McDonald's Corp.* v. *Seekonk*, 12 Mass. App. Ct. 351, 353-354 (1981); *Woburn* v. *McNutt Bros. Equip. Corp.*, 16 Mass. App. Ct. 236, 238 (1983). Municipalities and their officials are not exempt from the statutory requirement of exhaustion of administrative remedies. *Id.* at 240-241.

The judgment is reversed. A new judgment is to enter denying relief on count 2 and dismissing counts 1 and 3 for want of jurisdiction.

*So ordered.*

*Charles J. Zaroulis*, Town Counsel, for the plaintiff.
*Kenneth Michael John* for the defendants.