JERRY A. GOLDLUST *vs.* BOARD OF APPEALS OF NORTH ANDOVER & another.[1] No. 88-P-928. August 4, 1989. *Zoning*, Building permit, Zone boundary, Zoning district, Split lots, Exhaustion of administrative remedy.

Goldlust's claim to the issuance of building permits as matter of right for two industrial buildings he proposes to build on land in North Andover (the "locus") turns on whether the required rear yard setback shall be measured from his rear lot line or a zoning line which transects his property. Compare *Tambone* v. *Board of Appeal of Stoneham*, 348 Mass. 359 (1965), and *Tofias* v. *Butler*, 26 Mass. App. Ct. 89, 92-96 (1988). We conclude that, under the particular language of the North Andover by-law, the zoning boundary is the line that governs. Accordingly, we reverse so much of the judgment as declared that Goldlust, on proper application, would be entitled to building permits.

The material language in the North Andover zoning by-law (it appears as a footnote to a table of dimensional requirements) provides that on a lot "[a]djacent to residential districts, the required side or rear setback shall be 100 feet. The first 50 feet of such setback abutting the residential district shall remain open and green, be suitably landscaped, unbuilt upon, unpaved and not parked upon." As drawn on a plan of the locus, the buildings proposed are 118 and 130 feet from the rear lot line, but are less than 100 feet away from the line which separates a greater portion of the locus which is in the Industrial-1 zoning district from a lesser portion at the back of the lot which is in the Residential-2 zoning district. Although the record does not say so expressly, we may infer that, under Goldlust's development program, all the land in the residential zone will remain open and green.

When statutory language has not pointed to a zoning boundary as the line from which to measure and the requirement to be met is an "abstract" one, such as square footage to make up necessary lot size or to meet an open space requirement, our cases have favored measuring from the lot line, i.e., including for purposes of dimensional computations portions of a parcel which lie in the more restrictive zoning district. See *Tambone* v. *Board of Appeal of Stoneham*, 348 Mass. at 363-364; *Tofias* v. *Butler*, 26 Mass. App. Ct. at 93-96; *Moore* v. *Swampscott*, 26 Mass. App. Ct. 1008,

[1] The building inspector of North Andover.

1009 (1988). Cf. *Byrne* v. *Perry*, 12 Mass. App. Ct. 883 (1981). Generally, the zoning by-law of North Andover defines front, side and rear yard setbacks in terms of lot lines. In the singular case, however, of nonresidential uses abutting residential districts, the language of the applicable by-law provision has a different ring. It speaks first of a required setback of 100 feet, fifty more feet than generally required in a rear yard. The by-law goes on to say that "[t]he *first* 50 feet of such [100-foot] setback *abutting* the residential district shall remain open and green . . ."(emphasis supplied). "Abutting" means touching the land concerned, i.e., the land in the residential district. See *Holt* v. *City Council of Somerville*, 127 Mass. 408, 410 (1879). In order for the *first* fifty feet of setback to touch on the residential zone line, that portion of the setback must be in the nonresidential zone. It follows that the *second* requisite fifty feet must also, of course, be on the nonresidential side of the zoning line. On its face, the by-law intends not to guarantee an abstract use consistent with residential purposes on the more restricted portion of the split lot; rather, the more particular purpose of the by-law is to create a 100-foot deep buffer between the residential district and any nonresidential structure and a fifty-foot deep buffer of landscaped open space adjoining the residential district.

The owner of the locus, therefore, is not entitled to permits as matter of right for the proposed development scheme. Whether the board lawfully exercised its authority in refusing the special permits sought by the developer has not been argued, and we take the point as conceded by Goldlust.

In arriving at our opinion, we have sidestepped a procedural hurdle. Goldlust's problems with the locus began when the assistant building inspector of North Andover notified him that his plan violated the rear setback requirement and that he would require a special permit. Rather than appealing the assistant building inspector's interpretation of the by-law to the board of appeal (see G. L. c. 40A, §§ 7, 8, and 15, and *Neuhaus* v. *Building Inspector of Marlborough*, 11 Mass. App. Ct. 230 [1981]), Goldlust took a stab at obtaining relief through a special permit. When that was denied, Goldlust sought judicial review of the board's action under G. L. c. 40A, § 17, adding to his complaint a request for a declaration that the rear setback should be measured from the lot line. In zoning cases exhaustion of remedies before the board of appeals is the norm, and "exceptions to it are not to be readily invited." *Clark & Clark Hotel Corp.* v. *Building Inspector of Falmouth*, 20 Mass. App. Ct. 206, 212 (1985). Strictly speaking, as the Superior Court judge observed, the by-law interpretation should have gone to the board of appeals in the first instance. In undertaking to construe the by-law, the judge implicitly recognized that Goldlust had made partial resort to his administrative remedy and that the board of appeals had assumed the propriety of the assistant building inspector's construction of the by-law. In the final analysis the question of by-law interpretation was "one purely of law" which the Superior Court and we might properly tackle. *Id.* at 213. Cf. *Gamache* v. *Acushnet*, 14 Mass. App. Ct. 215, 222-223 (1982). The alternative would simply be another round of judicial review.

The judgment is reversed, and a judgment is to enter (1) that the board of appeals acted within its authority and (2) that, under § 7.3 (read with Table 2 and footnote 3 to Table 2) of the zoning by-law of North Andover, the rear yard depth is to be measured from the zoning line.

*So ordered.*

*Jane M. O'Malley* for the defendants.
*Amy J. Donahue* (*Joseph Fitzgibbons* with her) for the plaintiff.