Hely, J.
Both the plaintiff and the defendants have submitted affidavits and have had the opportunity to submit summaryjudgment materials. The defendants’ motions to dismiss are therefore treated as motions for summary judgment.
The plaintiffs complaint purports to be an “appeal” under G.L.c. 40A, Section 17, from a decision of the Zoning Board of Appeals of the Town of Athol granting a variance to QVCC. The Board of Appeals had a hearing on the QVCC’s application for a variance on February 24, 1993. The board issued its decision granting the variance on March 29, 1993.
The undisputed affidavit submitted by the defendants shows that the plaintiff as an abutter was given appropriate notice of the hearing and that no one representing the plaintiff appeared at the hearing or filed any written objection. The plaintiffs complaint and the affidavit of its president does not contend otherwise. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
An appeal is a review by a court or agency of the decision of an inferior court or agency. Black’s Law Dictionary 96 (6th Ed. 1990). There can be no review until there has been a view. The court will not consider plaintiffs claimed opposition to the variance where it raised no such opposition before the Board. The plaintiff has no right of “appeal” under G.L.c. 40A, Section 17, because as an abutter it had notice and the opportunity to oppose and it failed to oppose the variance at the Board hearing or file a written opposition. See Save the Bay, Inc. v. Department of Public Utilities, 366 Mass. 667, 672 (1975) (entity that did not participate in administrative proceeding had no standing to seek judicial review); Colangelo v. Board of Appeals of Lexington, 407 Mass. 242, 247 (1990) (plaintiffs who had withdrawn their special permit application before board of appeals were not “persons aggrieved” by board’s failure to act on application); Neuhaus v. Building Inspector of Marlborough, 11 Mass.App.Ct. 230 (1981) (plaintiffs cannot bring mandamus action to challenge issuance of a building permit where they did not make a written objection to building commissioner or appeal to the board of appeals); McDonald’s Corp. v. Seekonk, 12 Mass.App.Ct. 351 (1981) (plaintiff could not bring declaratory judgment action to challenge planning board’s denial of building permit plan where it had not appealed to board of appeals); cf. Massachusetts Respiratory Hospital v. Department of Public Welfare, 413 Mass. 329, 337 (1993) (“when a party fails properly to proceed through an agency’s lawfully established administrative process, that party normally is not entitled to a judicial decision on the merits of its claim”); Gordon v. Hardware Mutual Casualty Co., 361 Mass. 582, 587 (1972) (“In the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts”).
Although summaryjudgment will be entered for the defendants, costs will not be awarded. Costs cannot be allowed unless the plaintiff acted “in bad faith or with malice.” G.L.c. 40A, §17, par. 5. The court suspects bad faith, and doubts whether the plaintiff is a “party appealing” entitled to the shield of this paragraph. But bad faith is a disputed fact question, and the court has no desire to prolong the litigation.
ORDER
Summaryjudgment will enter for the defendants.