ELAINE F. YELLIN *vs.* CONSERVATION COMMISSION OF DOVER & others.[1] No. 99-P-1969. September 13, 2002. *Municipal Corporations,* Conservation commission. *Wetlands Protection Act. Practice, Civil,* Action in nature of certiorari.

Ongoing construction in the spring of 1997 of a riding ring to accommodate her daughter's interest in horses precipitated an order from the town conservation commission (commission) that Yellin seek a "Request for Determination of Applicability" (RDA) for the area where the ring is located. Yellin declined to do so (and there is no argument that she was required to file an RDA). Cf. *Bourne* v. *Austin*, 19 Mass. App. Ct. 738, 740-741 (1985). Yellin's neighbors, however, filed an RDA. Acting on the neighbors' RDA, the commission found that the riding ring was within an "area subject to protection" under G. L. c. 131, § 40, and the more restrictive local by-law — thus requiring the filing of a notice of intent (a separate document) under the statute and the by-law. Yellin then brought a certiorari action in Superior Court, requesting review of the commission's positive determination of applicability. Following a hearing, a Superior Court judge allowed the commission's motion for summary judgment and entered a judgment affirming the commission's decision. Yellin appeals. We vacate the judgment.

It would have been helpful to reflect, from the outset (i.e., at the hearing before the commission), where the commission's decision would leave the parties. The positive determination resulting from the neighbors' RDA (which was the only matter before the Superior Court) establishes only that the "work described" is within an "area subject to protection" and requires the filing of a notice of intent under the G. L. c. 131 *and* an application under the by-law. There is no dispute that, with neither notice nor an application, the riding ring was nearly completed (ninety-nine percent, according to Yellin's husband) by the time the neighbors filed their RDA, and finished before the commission issued its decision.

The statutory and regulatory scheme at issue in this case is designed to stop projects that will have a detrimental effect on certain ecosystems and, via

---

[1]Carl and Patricia Yankowski, Jacob and Barbara Brown, Gordon Romer, Anne R. Kennedy, Richard Eells, and Anne Reitmayer.

conditions, to prevent or limit detrimental effects in projects that are allowed to go forward. See *Wilczewski* v. *Commissioner of the Dept. of Envtl. Quality Engr.*, 404 Mass. 787, 791-792 (1989); *Department of Envtl. Quality Engr.* v. *Cumberland Farms of Conn., Inc.*, 18 Mass. App. Ct. 672, 675 (1984); *Southern New England Conference Assn. of Seventh Day Adventists* v. *Burlington*, 21 Mass. App. Ct. 701, 706-707 (1986); *DeGrace* v. *Conservation Commn. of Harwich*, 31 Mass. App. Ct. 132, 133 n.2 (1991). Again, this project went forward without any oversight; there was no application or notice.

This is not a case dealing with a violation of an injunction; it is not an "enforcement action." Contrast *Bourne* v. *Austin*, 19 Mass. App. Ct. at 741-742, citing *Brotherhood of Alpha Upsilon, Inc.* v. *Zoning Bd. of Appeals of Bridgewater*, 15 Mass. App. Ct. 991, 992 (1983). The sole issue in this case is whether the locus was properly subject to a preliminary process before certain work could occur.

In these circumstances, we conclude that it was an unwise allocation of judicial resources to issue a writ of certiorari to review the commission's application of G. L. c. 131, § 40, and the by-law. After the horse has gotten out — to extend the metaphor one final step — arguments akin to whether the gate should now be left open or closed are not a productive use of judicial resources. Although the commission has apparently made a determination regarding Yellin's land, the town has not yet taken a final position about which of the available remedies it wishes to pursue. Compare *Rutland* v. *Fife*, 11 Mass. App. Ct. 341, 341-342 (1981), *S.C.*, 385 Mass. 1010 (1982); *Worcester* v. *Gencarelli*, 34 Mass. App. Ct. 907, 908 (1993); and *Conservation Commn. of Falmouth* v. *Pacheco*, 49 Mass. App. Ct. 737, 737-744 (2000), with *Bourne* v. *Austin*, 19 Mass. App. Ct. at 739, 743-744. Nor have the abutters adopted a stance as to the ultimate relief they will seek; they have not even responded to Yellin's appeal in this court.

In this posture, then, this is not a case that will evade review if the dispute continues and intensifies. Cf. *Building Commr. of Cambridge* v. *Building Code Appeals Bd.*, 34 Mass. App. Ct. 696, 698-699 (1993). Moreover, the private parties are not without recourse for the future. See, e.g., *Board of Appeals of Maynard* v. *Housing Appeals Comm. in the Dept. of Community Affairs*, 370 Mass. 64, 68 (1976); *Hamilton* v. *Conservation Commn. of Orleans*, 12 Mass. App. Ct. 359, 364-370, 373-375 (1981). Additional procedures for State and local enforcement are present, as well, within the local by-law and G. L. c. 131, § 40. See, e.g., *Commonwealth* v. *John G. Grant & Sons Co.*, 403 Mass. 151, 157 (1988); *Bourne* v. *Austin*, 19 Mass. App. Ct. at 741-742. Other aspects (e.g., whether or to what extent the land will have to be restored or whether the riding ring will have to be altered) are yet to be determined, and we express no opinion as to them. These factors provide, however, additional support for a conclusion that certiorari was not appropriate in this case. Since the commission has temporized and handled the matter in a piecemeal fashion, and Yellin completed the work prior to the issuance of the decision, now under appeal, the question before us has been reduced to an abstraction. It no longer reflects whether the commission intends to seek enforcement and, as a practical matter, is without effect. See *Green* v. *Brookline*, 53 Mass. App. Ct. 120, 123 (2001) (issue preclusion does not apply if prior decisions not final). See also *Steinbergh* v. *Cambridge*, 413 Mass. 736, 740 (1992), cert. denied,

508 U.S. 909 (1993) ("A regulatory takings claim often is not mature until the validity of the challenged local regulation has been determined").[2] Whichever way the commission could have ruled in the circumstances of this case, the issues presented are best left for resolution after the town has finalized its position. See *Lahey Clinic Foundation, Inc.* v. *Health Facilities Appeals Bd.,* 376 Mass. 359, 369-370 (1978); *Aronson* v. *Brookline Rent Control Bd.,* 19 Mass. App. Ct 700,. 703-708 (1985). Cf. *Holyoke Water Power Co.* v. *Holyoke,* 349 Mass. 442, 446-447 (1965).

*Judgment vacated.*

*Steven M. Brody* for the plaintiff.
*Marc J. Goldstein* for the defendants.

[2]Similarly, the determination with regard to the agricultural exemption was without effect.