CAROL A. OSBERG & others[1] *vs.* PLANNING BOARD OF
STURBRIDGE & others.[2]

No. 96-P-1875.

Worcester. June 10, 1997. - December 15, 1997.

Present: WARNER, C.J., SMITH, & JACOBS, JJ.

*Zoning,* Site plan approval, By-law. *Planning Board.*

A municipal planning board reviewing a site plan pursuant to the municipality's
zoning by-law did not invoke or attempt to exercise the discretionary pow-
ers inherent in the special permitting process, and the board was not
obliged to follow the super majority requirement of G. L. c. 40A, § 9, to
approve the plan. [57-60]
In an action seeking review of a municipal planning board's approval of a site
plan, there was no error in the judge's findings and conclusions. [60-61]

CIVIL ACTION commenced in the Superior Court Department on
December 13, 1994.

The case was heard by *Diane M. Kottmyer,* J.

*Arthur P. Kreiger* for the plaintiffs.

*David S. Weiss* for W.S. Development, Limited Partnership.

JACOBS, J. The approval by the Planning Board of Sturbridge
(planning board) of a site plan for a proposed shopping center
was challenged by the plaintiffs in the Superior Court. After a
bench trial, the judge issued a comprehensive memorandum af-
firming the board's decision. The plaintiffs appeal from the
ensuing judgment, essentially seeking a reversal of the site plan
approval or modification of certain of the conditions imposed
by the planning board. We affirm the judgment.

___

[1] Joseph A. Millen, Robert L. Cathey, Anthony M. Detarando, and Christian
A. Castendyk.

This case originally was filed by eighteen Sturbridge residents. Prior to trial
in the Superior Court, three were added and ten were dismissed by agreement
of the parties. Following trial, the parties stipulated to the dismissal of the ap-
peal of six plaintiffs whom the judge determined lacked standing.

[2] W.S. Development, Limited Partnership, and town of Sturbridge.

As outlined in the judge's decision, W.S. Development, Limited Partnership (W.S.), in June, 1994, proposed a project of about 300,000 square feet of buildings on an undeveloped 83.3-acre site which had been rezoned from industrial to commercial use in 1993. After the submission of a variety of plans, surveys, and studies, followed by five public hearings, the planning board granted site plan approval in an amended decision issued in March, 1995, containing twenty-eight numbered conditions detailing essentially mitigation measures to be taken by W.S. with respect to the environmental impact of the project.

1. *Site plan review.* Although site plan review is not expressly recognized in our statutes as an independent method of regulation, some communities have introduced it into their zoning by-law as a means of controlling the aesthetics and environmental impacts of land use. "[S]ite plan approval as a permissible regulatory tool," *SCIT, Inc.* v. *Planning Bd. of Braintree*, 19 Mass. App. Ct. 101, 106 n.12 (1984), has been recognized at least since *Y.D. Dugout, Inc.* v. *Board of Appeals of Canton*, 357 Mass. 25, 31 (1970). "As those cases and the decision in *Prudential Ins. Co.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. 278, 282 (1986), remark, site plan review has to do with regulation of permitted uses, not their prohibition, as would be the case with a special permit or a variance." *Bowen* v. *Board of Appeals of Franklin*, 36 Mass. App. Ct. 954, 955 (1994). The review generally is conducted by a zoning board of appeals or a planning board.[3] In the present case, the Sturbridge zoning by-law (1994) provides for site plan review by its planning board.

2. *Sufficiency of the vote.* At the time of the review, seven members comprised the planning board. The site plan was approved by a vote of four to two, with one member abstaining. The plaintiffs claim that the Sturbridge zoning by-law treats site plan review procedurally the same as special permit applications which, pursuant to pertinent provisions of G. L. c. 40A, § 9, require a super majority approval vote of at least five

---

[3]For informative and useful discussions of site plan review see Bobrowski, Massachusetts Land Use & Planning Law § 9.7 (1993 & Supp. 1997); Healy & Mack, Massachusetts Zoning Manual § 8.28 (rev. 1995); and Bobrowski, Recent Developments in Community Growth Control, 73 Mass. L. Rev. 36 (1988). See generally 5 Rathkopf, Zoning and Planning §§ 62.01-62.05 (4th ed. 1997).

members.[4] In addressing the plaintiffs' claim that the four to two vote of the planning board, therefore, was insufficient, the judge noted that the by-law does not specify the number of votes required for site plan approval and correctly determined that "a planning board conducting a site plan review in connection with a use permitted as of right is not a special permit granting authority within the meaning of [G. L. c. 40A]."

Our decisions distinguish between the substance of site plan approval of a use as of right and approval of special permits.[5] See *Prudential Ins. Co.* v. *Board of Appeals of Westwood,* 23 Mass. App. Ct. at 281; *V.S.H. Realty, Inc.* v. *Zoning Bd. of Appeals of Plymouth,* 30 Mass. App. Ct. 530, 534 (1991) (commenting that "decisions involv[ing] conditions imposed upon a use allowed *as of right* are significantly different from a special permit case" [emphasis in original] [citations omitted]); *Bowen* v. *Board of Appeals of Franklin,* 36 Mass. App. Ct. at 955. The substance of site plan review of a use as of right is fundamentally different from the considerations involved in the special permit process. See *Y.D. Dugout, Inc.* v. *Board of Appeals of Canton,* 357 Mass. at 31 (the authority of a board to enforce compliance with a site plan review by-law is only to assure "protection of the public interest . . . consistent with a reasonable use of the site for the purposes permitted . . . by the regulations of the [zoning] district"). "It has been settled since the decision in *SCIT, Inc.* v. *Planning Bd. of Braintree,* 19 Mass. App. Ct. 101 (1984), that a use allowed as of right cannot be made subject to the grant of a special permit inasmuch as the concepts of a use as of right and a use dependent on discretion are mutually exclusive." *Prudential Ins. Co.* v. *Board of Appeals of West-*

---

[4]General Laws c. 40A, § 9, par. 10, states in relevant part: "A special permit issued by a special permit granting authority shall require a two-thirds vote of boards with more than five members . . . ."

[5]"The Supreme Judicial Court has repeatedly focused on [site plan review as the regulation of a use rather than its prohibition] to distinguish site plan review from the special permit process." Bobrowski, Massachusetts Land Use & Planning Law, *supra* at 362. But see Healy & Mack, *supra* at 8-28 ("the Zoning Act confers no express authority for creation of a category of discretionary 'site plan approval.' Consequently, it may be questioned whether a bylaw may properly provide for site plan approval under procedures that differ from the procedures for grant of a special permit under the Zoning Act"). The question of the independent status of site plan review is not adequately raised in the present case, and we need not consider it. We agree, however, with the observation that "[t]he trend toward considering site plan approval as being different from a special permit gives rise to uncertainties that will probably require legislative correction." *Ibid.*

*wood, supra.* "[W]here the proposed use is one permitted by right the planning board may only apply substantive criteria consistent with *Prudential Ins. Co.* v. *Board of Appeals of Westwood,* 23 Mass. App. Ct. 278 (1986) (i.e., it may impose reasonable terms and conditions on the proposed use, but it does not have discretionary power to deny the use)." *Quincy* v. *Planning Bd. of Tewksbury,* 39 Mass. App. Ct. 17, 21 (1995).[6] In this case, the planning board reasonably confined its decision to the application of the by-law criteria and standards, granting approval with conditions on the proposed use. Thus, the planning board did not invoke or attempt to exercise the discretionary powers inherent in the special permit process, and the board was not obliged to follow the super majority requirement of § 9.

Without deciding whether a municipality, without statutory authority, may impose the vote requirements of G. L. c. 40A, § 9, to approval of site plans, we determine that the town of Sturbridge has not done so. Compare *Shrewsbury Edgemere Assocs. Ltd. Partnership* v. *Board of Appeals of Shrewsbury,* 409 Mass. 317, 321 (1991) ("by authorizing the municipality to choose the special permit granting authority [to approve the change of a nonconforming use], when it does so, that body uses the procedure which defines it"). Even if the procedure provision of the by-law dealing with site plan review may be construed as permitting the planning board to act as a special permit granting authority, the planning board has not purported to issue site plan *special* permits.[7] Moreover, the by-law, by utilizing separate chapters, clearly differentiates between processing of applications for site plan review and applications for special permits. Contrast *Quincy* v. *Planning Bd. of Tewksbury,* 39 Mass. App. Ct. at 21-22 (where the procedural

[6]See the discussion in *SCIT, Inc.* v. *Planning Bd. of Braintree,* 19 Mass. App. Ct. at 110 n.16, as to the limitations inherent in regulation of use by site plan review.

[7]Chapter 11, § 4, of the by-law provides in pertinent part: "The Planning Board shall adopt such rules and regulations for carrying out its duties under this section as a Special Permit Granting Authority in accordance with [G. L. c. 40A, § 9]." Aside from the lack of clarity of this provision, as noted by the judge, it is not disputed that the planning board never adopted any such rules or regulations. While other paragraphs of this section address procedural matters such as notices, filing of applications, public hearing, constructive approval, and the appeal process, they do not touch upon the substance of the planning board's review and approval function.

framework of a town by-law pertaining to "site plan special permits" designated the planning board as a special permit granting authority, an appeal from a denial of a site plan application is permitted under G. L. c. 40A, § 17).[8] There is no contention that the application for review in this case entailed a submission for approval of a special permit. The record fully supports a conclusion that W.S. only asked for, and received, review of a site plan. Contrast *Berkshire Power Dev., Inc.* v. *Zoning Bd. of Appeals of Agawam*, 43 Mass. App. Ct. 828, 829 (1997). Only a simple majority vote was required in these circumstances. "[I]n the absence of a contrary statutory provision, a majority of a quorum constituted of a simple majority of a collective body is empowered to act for the body." *District Attorney for the Northwestern Dist.* v. *Selectmen of Sunderland*, 11 Mass. App. Ct. 663, 665 (1981), quoting from *FTC* v. *Flotill Prod., Inc.*, 389 U.S. 179, 183 (1967). See *Clark* v. *City Council of Waltham*, 328 Mass. 40, 41 (1951), and authorities cited. Cf. *Shrewsbury Edgemere Assocs. Ltd. Partnership* v. *Board of Appeals of Shrewsbury*, 409 Mass. at 321.

3. *Other issues.* The plaintiffs fail to demonstrate clear error or lack of support for the judge's findings and conclusions relating to issues of (1) whether W.S. had to acquire or apply for certain permits as a prerequisite to site plan approval; (2) vehicular and pedestrian safety and convenience; and (3) preservation of the topography of the site. They also have not shown that the planning board failed reasonably to condition its

---

[8]Alluded to by the parties, but not squarely argued as a dispositive issue, is the question whether the Superior Court had jurisdiction to consider the plaintiffs' appeal from the decision of the planning board under G. L. c. 40A, § 17. The Superior Court judge noted this issue had been raised in a pretrial motion to dismiss by W.S. and decided in the plaintiffs' favor. Because the major claims of the plaintiffs were made under both § 17 (Count I) and alternatively under G. L. c. 249, § 4 (Count IV), the judge, still perceiving "a substantial question" of jurisdiction and basing her resolution of the issue on a determination of "standing," issued findings and rulings under both statutes. Unless the procedural framework of a municipal site plan by-law permits direct appeal under G. L. c. 40A, § 17, see *Quincy* v. *Planning Bd. of Tewksbury*, 39 Mass. App. Ct. 17, 20-22 (1995), the requirement of exhaustion of administrative remedies may dictate that site plan action by a planning board, if objected to, be appealed to a board of appeals before recourse to the courts pursuant to G. L. c. 40A, § 17. See and compare *McDonald's Corp.* v. *Seekonk*, 12 Mass. App. Ct. 351 (1981). See also Bobrowski, Massachusetts Land Use & Planning Law § 9.7, at 366-367 & n.31 (1993 & Supp. 1997).

approval or that a remand for modification of those conditions would better assure compliance with the by-law standards.

*Judgment affirmed.*