DONALD DUFAULT & others[1] *vs.* MILLENNIUM POWER
PARTNERS, L.P., & others.[2]

No. 98-P-969.

Worcester. November 8, 1999. - April 19, 2000.

Present: BROWN, LENK, & BECK, JJ.

*Zoning,* Appeal, Site plan approval, Board of appeals: jurisdiction. *Jurisdiction,* Zoning. *Practice, Civil,* Zoning appeal.

Where no provision in either G. L. c. 40A or the zoning by-laws of Charlton specifically referred to appeals from the approval or denial of site plans for uses as of right, a planning board's site plan approval of an electric generating facility permitted as of right in an "Industrial General" area was not an appealable order or decision in circumstances in which no building permit for the project had yet been issued. [138-143]

CIVIL ACTION commenced in the Worcester County Division of the Housing Court Department on August 5, 1997.

The case was heard by *John G. Martin,* J., on a motion for summary judgment.

*Francis B. Fennessey* for the plaintiffs.

*Edmond A. Neal, III,* for Millenium Power Partners, L.P., & another.

LENK, J. The plaintiffs are abutters to a site proposed for an electric generating facility. They appeal from a grant of summary judgment in favor of the defendants Millennium Power Partners, L.P., and U.S. Generating Company (collectively, Millennium), and the zoning board of appeals of Charlton (zoning board). The plaintiffs contend that the Housing Court judge erred as a matter of law in concluding that the zoning board did not have jurisdiction to hear the plaintiffs' appeal of a site plan approval by the planning board of Charlton (planning board) for the facility, to be constructed by Millennium.

---

[1] Bonnie Lovely, John Carroll, Bradford P. Smith, and Wilfred Beaumier.

[2] U.S. Generating Company and the Zoning Board of Appeals of Charlton.

*Background and procedural history.* Section 3.2.2 of Charl-ton's zoning by-law permits an electric generating facility as of right in an "Industrial General" area. However, § 3.2.2 also requires that the site plan for a use as of right in such an area be submitted to, and approved by, the planning board. Pursuant to the by-law, Millennium submitted its site plan for the proposed facility to the planning board which subsequently ap-proved it.

The plaintiffs appealed the planning board's site plan ap-proval to the zoning board. The zoning board held a public hearing on the matter and determined that it lacked jurisdiction to review the planning board's approval under either G. L. c. 40A, §§ 8, 14, or 15, or § 7.1.7.2 of the zoning by-law. The plaintiffs appealed the zoning board's decision to the Housing Court pursuant to c. 40A, § 17.[3] Upon Millennium's motion for summary judgment, the Housing Court judge held that, without a specific grant of authority in the by-law empowering the zon-ing board to hear appeals of site plan approvals, the zoning board had no jurisdiction to hear such appeals. Summary judg-ment was thereby granted in favor of the defendants.

The narrow issue presented to us on appeal is whether the zoning board has jurisdiction to hear the plaintiffs' appeal of the planning board's approval of Millennium's site plan.[4] The plaintiffs contend that, under c. 40A, §§ 8 and 14, and § 7.1.7. 2 of the by-law, the zoning board has authority to hear site plan appeals. Millennium contends that neither c. 40A nor the by-law bestows such authority and that the plaintiffs' only recourse, now time-barred, lay in review pursuant to the certiorari statute, G. L. c. 249, § 4.

*Analysis.* The Zoning Act, G. L. c. 40A, does not specifically

---

[3]Specifically, the plaintiffs maintained that the site plan violates the by-law in the following respects: (1) the facility exceeds the thirty-six foot building height limitation in violation of § 3.3.2.1; (2) heat and vapor will be discern-ible from the outside in violation of § 4.1.3; and (3) a gas pipeline providing fuel for the plant's turbines is not an authorized use in an agricultural district under § 3.2.2. During oral argument, Millennium's counsel stated that the zoning board had approved a variance for the pipeline which is currently be-ing appealed to the Housing Court by the plaintiffs.

[4]The complaint filed by the plaintiffs in the Housing Court also claimed that Millennium's facility would be located in a agricultural zone, where such a use would not be allowed as of right. In addition, the plaintiffs claimed that Millennium was not a public utility as defined by the by-law. However, the plaintiffs did not raise these issues on appeal.

recognize site plans as an independent method of regulation. See G. L. c. 40A, §§ 1 et seq.; *Osberg* v. *Planning Bd. of Sturbridge*, 44 Mass. App. Ct. 56, 57 (1997). However, the use of site plan approval as a permissible regulatory tool for controlling the aesthetics and environmental impacts of land use has been recognized since *Y.D. Dugout, Inc.* v. *Board of Appeals of Canton*, 357 Mass. 25, 31 (1970). See *Osberg*, 44 Mass. App. Ct. at 57. A town zoning board of appeals or planning board generally conducts site plan review. *Ibid.* Site plan review may be attached either to a special permit process for uses that are not as of right or to the issuance of a building permit for uses that are as of right. *Id.* at 58. In the latter instance, as here, site plan review involves the regulation of a use and not its outright prohibition. The scope of review is thus limited to imposing reasonable terms and conditions on the proposed use. See *SCIT, Inc.* v. *Planning Bd. of Braintree*, 19 Mass. App. Ct. 101, 107-110 (1984). "[W]here the proposed use is one permitted by right the planning board may only apply substantive criteria consistent with *Prudential Ins. Co.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. 278 (1986) (i.e., it may impose reasonable terms and conditions on the proposed use, but it does not have discretionary power to deny the use)." *Osberg*, 44 Mass. App. Ct. at 59, quoting from *Quincy* v. *Planning Bd. of Tewksbury*, 39 Mass. App. Ct. 17, 21 (1995).

The site plan approval process for uses as of right is linked to the building permit process under the Charlton by-law. The by-law requires that one who proposes a use permitted as of right submit a site plan to the planning board in order that such board might assure compliance with the by-law.[5] After the planning board approves a site plan, the planning board informs the zoning enforcement officer and the inspector of buildings of the approval as directed by the by-law,[6] thereby rendering site plan approval a condition precedent, as it were, to the issuance of a building permit.[7] Once a building permit issues, an individual aggrieved thereby may appeal to the zoning board pursuant to

---

[5]Section 7.1.4.1 of the by-law. The planning board apparently found that an electric generating facility was a use as of right for the proposed site, although the plaintiffs dispute that categorization.

[6]Section 7.1.4.6 of the by-law.

[7]Section 7.1.3 of the by-law provides that no structure can be erected without the zoning enforcement officer issuing a certificate of compliance stating that the structure complies with the provisions of the by-law. Section 7.1.5 of the by-law mandates that no building permit be issued for the construction

both G. L. c. 40A, § 8, and the Charlton by-law.[8] The question before us is whether there is jurisdiction in the zoning board to hear appeals from the stage preceding the grant of the building permit, i.e., site plan approval.

No provision in either G. L. c. 40A or the Charlton by-law specifically refers to appeals from the approval or denial of site plans for uses as of right. The plaintiffs, however, draw our attention to the language of c. 40A, § 8, and § 7.1.7.2 of the by-law and suggest that the planning board acts as an "administrative officer" when it approves a site plan for a use as of right, rendering such approval appealable to the zoning board as an "order or decision."[9] We think the language will not bear this reading and that the issue is controlled in all material respects by *St. Botolph Citizens Comm., Inc. v. Boston Redev. Authy.,* 429 Mass. 1 (1999).[10]

In *St. Botolph*, the court considered the issue of appeals of adequacy determinations in the context of the Boston Zoning Code. Adequacy determinations under the Boston Zoning Code are the counterpart of site plan approvals for uses as of right in

___

of a building or other structure which, if constructed, would not conform with the by-law. Section 7.1.2 mandates that the zoning enforcement officer require the inspector of buildings to withhold a building permit if the proposed building or structure would violate the by-law.

[8]Chapter 40A, § 8, states in relevant part that "[a]n appeal to the permit granting authority as the zoning ordinance or by-law may provide, may be taken . . . by any person . . . aggrieved by an order or decision of the inspector·of buildings, or other administrative official . . . ." Section 1A of c. 40A defines "permit granting authority" as the board of appeals or zoning administrator. Section 7.1.7.2 of the by-law states in relevant part that "any person . . . aggrieved by an order or decision of the Zoning Enforcement Officer, or other administrative officer, in violation of the provisions of Chapters 40A and 808 of the Massachusetts General Laws or any provision of this Bylaw, may file an appeal in accordance with the provisions of Chapter[s] 40A and 808 . . . ." An individual whose permit application has been denied also has a right of appeal to the zoning board.

[9]See previous footnote.

[10]For the same reasons, we also reject the plaintiffs' alternative theory that the planning board was acting as a by-law enforcement officer under c. 40A, § 7, and § 7.1.7.1 of the by-law, and therefore the planning board's site plan approval was, again, a reviewable order or decision. We note as well that the plaintiffs failed in any event to make a written request for by-law enforcement to the planning board as required by c. 40A, § 7, and § 7.1.7.1 of the by-law, thus rendering unnecessary further consideration of the point. See *Stefanick* v. *Planning Bd. of Uxbridge*, 39 Mass. App. Ct. 418, 425 (1995).

the c. 40A context. See *St. Botolph*, 429 Mass. at 8 n.9. Under art. 31 of the Boston Zoning Code, the Boston Redevelopment Authority (BRA) is required to issue an "adequacy determination" before any large-scale development projects may move forward. *St. Botolph*, 429 Mass. at 5.[11] The court stated that, "[i]n deciding whether an adequacy determination should issue, the BRA is acting exclusively in its capacity as the planning board for Boston. . . . In performing these tasks, the BRA acts in a manner similar to that conducted by a municipal planning board when it performs site plan review." *Id.* at 8.[12]

The plaintiffs in *St. Botolph* sought judicial review of the BRA's issuance of an adequacy determination for a large-scale building project. *Id.* at 6. The court noted that neither art. 31 nor any other provision of the Zoning Code provides a right of appeal to parties who assert that they are aggrieved by the adequacy determination and seek to challenge it. *Id.* at 7. The court went on to hold that persons aggrieved by the BRA's issuance of an adequacy determination could not seek immediate judicial review thereof by availing themselves of review in the nature of certiorari or declaratory judgment because, under the Zoning Code, they could later challenge the issuance of a *permit* that was based upon the adequacy determination. *Id.* at 9-10. "An approval after site plan review, when required in connection with the issuance of a building permit, is not a final action, but only a prerequisite to the grant of the permit. The Appeals Court has said, we think correctly, that the right of an aggrieved person to appeal a local planning board's site plan review decision arises only when the building permit for the proposed project is issued or denied by the building inspector." *Id.* at 9,

---

[11]An adequacy determination requires the BRA to "examine a proposed project with reference to a specified set of criteria to measure the project's impact on the city," and "if the project is to go forward," the BRA is "to shape it in a way that will eliminate or mitigate any adverse consequences." *St. Botolph*, 429 Mass. at 8-9.

[12]After a developer is issued an adequacy determination, the developer must submit the plans for the project to the commissioner of inspectional services along with the application for a building permit. *Id.* at 7. The BRA and the commissioner must review the plans for compliance with the Boston Zoning Code and the Building Code. *Ibid.* The commissioner then either issues or declines to issue a building permit. *Ibid.*

citing *Quincy* v. *Planning Bd. of Tewksbury*, 39 Mass. App. Ct. at 20-22; *McDonald's Corp.* v. *Seekonk*, 12 Mass. App. Ct. 351, 353 (1981).[13] The court therefore dismissed the plaintiffs' complaint since a challenge to a permit for the project was still an available remedy.[14]

We conclude that the planning board's site plan approval was not an appealable order or decision under § 8 or the by-law. As in *St. Botolph*, it appears that a building permit has not yet been issued by such Charlton officials as have the power to approve such permits. The planning board's approval of Millennium's site plan was only a prerequisite to the officer's or inspector's issuance of a compliance certificate or permit. Consequently, on the record before the trial court judge, as there was no final order or decision from which the plaintiffs might appeal, the zoning board did not have jurisdiction to hear the plaintiffs' appeal and we affirm the entry of summary judgment for the

---

[13]Although the court in *St. Botolph* did not reference the provisions of c. 40A, both *Quincy* and *McDonald's* were based on c. 40A appeals. However, *Quincy* and *McDonald's* did not address the central issue in the present case: the right to appeal a planning board's site plan approval for a use as of right when a planning board is not acting as the special permit granting authority. See *Quincy*, 39 Mass. App. Ct. at 21-22 (issue was whether plaintiff property owners were required first to appeal denial of site plan approval to zoning board before seeking c. 40A, § 17, judicial review where planning board acted as special permit granting authority); *McDonald's*, 12 Mass. App. Ct. at 353 (Superior Court did not have jurisdiction under c. 40A, § 17, to hear plaintiff's appeal of building permit denial that was based on site plan denial; since building inspector denied permit, plaintiff required to appeal permit denial to zoning board of appeals before seeking judicial review).

[14]See *Richardson* v. *Zoning Bd. of Appeals of Framingham*, 351 Mass. 375 (1966), which applied § 13 of the previous version of c. 40A. Section 13 stated that an appeal to the board of appeals could be made by "any person aggrieved by any order or decision of the inspector of buildings or other administrative official in violation of any provision of this chapter, or any ordinance or by-law adopted thereunder." This language is the same as the current § 8 of c. 40A and § 7.1.7.2 of the by-law. *Id.* at 380. The defendant developer argued that his building permit was beyond attack since the plaintiffs failed to appeal from the planning board's approval of the disputed site plan for the project's parking lot. *Id.* at 379. The court held that "the first appealable decision by an administrative official was the issuance of the permit. The indorsement on the plan was a condition of the action by the building inspector; it was not itself a decision granting a permit or adjudicating a right." *Id.* at 380.

defendants dismissing the plaintiffs' complaint.[15]

*Judgment affirmed.*

---

[15]Furthermore, had the Legislature wished to permit direct appeal to a zoning board of appeals from site plan approvals, it presumably would have so stated in c. 40A. By comparison, the Legislature specifically provided for the appeal of subdivision site plan denials in the subdivision control law. G. L. c. 41, §§ 81K - 81GG. See G. L. c. 41, § 81P; *Stefanick*, 39 Mass. App. Ct. 418, 420-421 (1995).