CUMBERLAND FARMS, INC. *vs.* PLANNING BOARD OF BOURNE.

No. 00-P-1802.

Barnstable. June 20, 2002. - December 2, 2002.

Present: BECK, COWIN, & MILLS, JJ.

*Practice, Civil,* Relief in the nature of certiorari.

This court concluded that certiorari was not appropriate in a civil action challenging a planning board's denial of site plan approval in connection with the plaintiff's application for a building permit, where another reasonably adequate remedy was available; therefore, this court vacated the judgment of the Superior Court upholding the denial, and remanded the matter for further consideration. [607-611]

CIVIL ACTION commenced in the Superior Court Department on December 6, 1996.

The case was heard by *Robert A. Mulligan,* J., on a motion for judgment on the pleadings.

*Thomas O. Moriarty* for the plaintiff.

*Robert S. Troy,* Town Counsel, for the defendant.

MILLS, J. Cumberland Farms, Inc. (Cumberland) appeals from a Superior Court judgment which, upon a complaint in the nature of certiorari, G. L. c. 249, § 4, affirmed the denial by the Bourne planning board (planning board) of site plan approval in connection with an application for a building permit. Cumberland complains that the judge used an inappropriate standard when he reviewed the administrative record, and, upon a proper standard, should have annulled the planning board's decision and ordered that board to issue approval. We hold, however, that certiorari was not appropriate in this case because another reasonably adequate remedy was available and, thus, we vacate the judgment and remand for further consideration.

*Background.* Cumberland owns and operates a gasoline station located on a triangular lot of land that directly fronts upon

a major traffic rotary in the town of Bourne (town). Desiring to modify its use to include a retail convenience store within the existing building footprint, Cumberland filed an application (which, as required, included its proposed site plan) for a building permit pursuant to the Bourne zoning bylaw (local bylaw), §§ 1230 and 1232. The filing of the application and documents was made, as required by the local bylaw, with the building inspector, not directly with the planning board. Under the local bylaw, Cumberland's proposal required site plan approval by the planning board as a prerequisite to the building inspector's issuance of a building permit[1]; the building inspector therefore referred the site plan to the planning board.

The planning board conducted a public hearing on the site plan and received documentary evidence, testimony by consultants, representations of counsel and comments by planning board members and others. The planning board subsequently issued a detailed decision denying approval of the site plan. Cumberland, purporting to act pursuant to G. L. c. 40A, §§ 8, 15, then appealed the planning board's decision to the Bourne board of appeals (zoning board) which, after public hearing and comprehensive review, affirmed the planning board's denial. Cumberland then appealed the zoning board's decision to the Superior Court pursuant to G. L. c. 40A, § 17.

Approximately twenty-two months after commencement of the appeal to the Superior Court, with the assent of the town and approval of the court, Cumberland substituted an amended complaint in one count seeking review by certiorari pursuant to G. L. c. 249, § 4, of the planning board's denial.[2] After some intervening matters, the town filed a motion for judgment on the pleadings accompanied by an administrative record.[3] Cumberland did not object to the form or composition of that record,

---

[1]There is no dispute as to the requirement for site plan approval. Cumberland's proposal entailed "alteration to the number of parking spaces, or to the configuration of parking, egress, utilities, drainage, or lighting on the premises." Local bylaw § 1230 ("Site Plan Review").

[2]The planning board became the nominal defendant in the substituted complaint.

[3]The town requested that the action be resolved pursuant to Superior Court Standing Order 1-96, and submitted a combination of documents that were identified as the planning board's administrative record in the matter. Superior

and made no request for further evidence, or for proceedings to supplement that record. The parties then jointly requested that the matter be determined as a complaint seeking relief in the nature of certiorari,[4] and the judge complied. We hold, however, that certiorari was not the appropriate avenue for review of the planning board's decision in this case and, accordingly, vacate the judgment and remand for further consideration.[5]

*Certiorari.* Certiorari does not provide an additional or alternative avenue of appellate review. *Picciotto* v. *Superior Ct. Dept. of the Trial Ct.*, 437 Mass. 1019, 1020 (2002). See *St. Botolph Citizens Comm., Inc.* v. *Boston Redev. Authy.*, 429 Mass. 1, 7 (1999). "The court's power on certiorari is not exercised to remedy mere technical errors that have not resulted in manifest injustice." *Massachusetts Prisoners Assn. Political Action Comm.* v. *Acting Governor*, 435 Mass. 811, 824 (2002). "The purpose of the certiorari procedure is to provide a remedy, where none would otherwise exist . . . ." *Drayton* v. *Commissioner of Correction*, 52 Mass. App. Ct. 135, 140 (2001), quoting from *Ford* v. *Commissioner of Correction*, 27 Mass. App. Ct. 1127, 1129 (1989). "[T]he requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review." *Boston Edison Co.* v. *Selectmen of Concord*, 355 Mass.

---

Court Standing Order 1-96 provides instructions and procedures for the processing and hearing of complaints for judicial review of administrative agency proceedings. Cumberland made no objection to the town's reliance upon Standing Order 1-96, and the judge decided the motion as if the standing order were applicable.

[4] We have reviewed the transcript of hearing before the trial judge. Statements by counsel were not without ambiguity in response to the judge's inquiries as to what the parties wished the court to do. However, it is sufficiently evident that they requested and agreed that the matter be decided as a certiorari action and, thus, upon the available record. See *Commissioner of Rev.* v. *Lawrence*, 379 Mass. 205, 208-209 (1979). Further, there were no objections noted or requests denied. The parties and the judge treated this action as one limited to an action in the nature of certiorari. See *Drayton* v. *Commissioner of Correction*, 52 Mass. App. Ct. 135, 135 n.2 (2001).

[5] General Laws c. 249, § 4, as amended by St. 1973, c. 1114, § 289, provides in relevant part: "A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, *which proceedings are not otherwise reviewable by motion or by appeal*, may be brought in the supreme judicial or superior court" (emphasis added).

79, 83 (1968). "Certiorari cannot be requested where administrative remedies terminating in judicial review are available and unexhausted." *St. Botolph Citizens Comm., Inc.* v. *Boston Redev. Authy., supra.* We hold that a zoning appeal pursuant to G. L. c. 40A, § 17, provided a reasonably adequate remedy in this case and that, accordingly, certiorari was not available, notwithstanding the apparent agreement of the parties and the elusive procedure for review of site plan approval decisions under our developing law.[6]

*The town's site plan approval process.* Any building permit application in the Commonwealth is controlled, in large measure, by the State building code,[7] ordinarily supplemented by local requirements. Here, under the local bylaw, the application procedure for a building permit for a use subject to site plan review requires that a complete application, including site plan, first be filed with the building inspector, who then must forward two copies of the site plan to the planning board, together with notification of the date by which the building

---

[6]The Zoning Act, G. L. c. 40A, §§ 1 et seq., does not specifically recognize site plan review as an independent method of regulation. See *Osberg* v. *Planning Bd. of Sturbridge*, 44 Mass. App. Ct. 56, 57 (1997). Consequently, guidance regarding the appropriate mechanism for review of planning board action on a site plan has developed in iterative stages, depending on the particular frameworks established under various local bylaws. See, e.g., *Quincy* v. *Planning Bd. of Tewksbury*, 39 Mass. App. Ct. 17, 20-21 (1995); *Osberg* v. *Planning Bd. of Sturbridge, supra* at 60 n.8; *Dufault* v. *Millennium Power Partners, L.P.*, 49 Mass. App. Ct. 137, 140-142 & n.13 (2000). See and compare *McDonald's Corp.* v. *Seekonk*, 12 Mass. App. Ct. 351, 353 (1981). See generally Bobrowski, Massachusetts Land Use & Planning Law § 9.7 (1993 & Supp. 2001); Healy, Massachusetts Zoning Manual § 8.13 (1999).

[7]See 780 Code Mass. Regs. §§ 110.1-111.15 (1998). While the actual form of application may vary by community, 780 Code Mass. Regs. § 110.4 (1998), there are substantial requirements that are mandatory, e.g., engineering details, 780 Code Mass. Regs. § 110.8 (1998), construction documents, 780 Code Mass. Regs. § 110.7 (1998), and a site plan, 780 Code Mass. Regs. § 110.10 (1998). The building inspector is required to examine the application and act upon it within thirty days after filing. 780 Code Mass. Regs. § 111.1 (1998). "If the application or the construction documents do not conform to the requirements of 780 [Code Mass. Regs.] and all pertinent laws under the building official's jurisdiction, the building official shall reject such application in writing, stating the reasons therefor." *Ibid.* Further, "no permit . . . shall be issued if such *building* or *structure* or use would be in violation of any zoning ordinance or by-law" (emphases original). 780 Code Mass. Regs. § 111.2 (1998).

inspector must take action on the application.[8] In addition to the ordinary plan and document requirements of the State building code for such applications, the local bylaw requires considerable additional and sophisticated information.[9] The building inspector must deny an application that has not received the planning board's written site plan approval unless, by the date the building inspector must act on the application, no notice of action has been received from the planning board (resulting in, essentially, constructive approval of the site plan). Accordingly, under the town's particular procedure, when the site plan is distributed to the planning board for review, a complete application for building permit has already been filed with the building inspector and is subject to further action by him pursuant to both local and State law.

In this case the planning board disapproved the site plan and so notified the building inspector before the action deadline, and thus the building inspector was required to deny the building permit application for noncompliance with zoning requirements. Though the building inspector did not act formally on the building permit application, the zoning board undertook a review of the planning board's site plan disapproval.[10] Upon the zoning board's denial of Cumberland's appeal, Cumberland was entitled

---

[8]Local bylaw § 1232(a) provides that: "Upon application for a building permit subject to Site Plan Review, two copies of the above plans shall be forwarded by the Building Inspector to the Planning Board for site plan approval. The Building Inspector shall notify the Planning Board of the date by which he must take action on the application, and shall not approve such application without written Site Plan approval from the Planning Board unless by that date no notice of action has been received from the Planning Board." The ordinary period for action by the building inspector on an application for building permit is thirty days from the date of filing. See note 7, *supra.*

[9]Local bylaw § 1231 requires that "information shall . . . be submitted showing existing and proposed topography and vegetation, drives, parking, park or recreation areas, use of structures and land, screening, water supply, sanitary sewerage, storm drainage, and . . . methods of preventing erosion, silting or other instability during and after construction. For nonresidential uses, loading facilities shall be shown . . . . Ground floor plans and architectural elevations of all proposed buildings and signs shall also be submitted . . . ."

[10]Cumberland took its appeal to the zoning board from the planning board's denial of site plan approval without obtaining action by the building inspector on the pending building permit application. In the circumstances, we see no sound reason to conclude that obtaining a separate but automatic denial by the

to appeal the zoning board's decision pursuant to G. L. c. 40A, § 17. Though there is some difficulty in characterizing the decision of the planning board on the site plan as a decision of the zoning board, we consider the matter closely analogous to the review of an adverse recommendation by a board of health on an application for subdivision approval, in the context of a subsequent appeal from the planning board's disapproval of the subdivision. See *Loring Hills Developers Trust* v. *Planning Bd. of Salem*, 374 Mass. 343, 350 (1978).

In that case, the court held that "the recommendation of the board of health, when followed, as it must be, by the planning board, [is treated] as part of the 'decision of a planning board,' subject to review under [G. L. c. 41,] § 81BB." *Id.* The adverse action of the planning board on site plan review occupies a posture in relation to the building inspector's action on the building permit application substantially similar to an adverse recommendation by the board of health in relation to the planning board's action on a subdivision plan. We see no reason to adopt a different procedural course for judicial review under an analogous appeal under G. L. c. 40A, § 17. Cf. *McElderry* v. *Planning Bd. of Nantucket*, 431 Mass. 722, 726-727 (2000) (noting procedural parallels between zoning and subdivision control law).

*Further proceedings.* Cumberland has requested that this court remand with specific instructions "for further proceeding[s] pursuant to G. L. c. 40A, § 17[,] and consistent with the standard of review established in [*Prudential Ins. Co.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. 278 (1986)]" for a proposed use as of right. We decline to be so specific, and leave further proceedings to the discretion of the trial court. It appears that the matter may be susceptible to resolution as a zoning appeal if Cumberland requests, and the judge permits, an additional amendment (or substitution) of the complaint. However, we will not direct that result, and the trial judge, if there are further proceedings, may conclude that proper zoning review

building inspector is a prerequisite for zoning board review of the planning board's site plan disapproval. However, we note that (if the question of the site plan is eventually resolved favorably to Cumberland) there remains the possibility that other matters within the building inspector's review responsibilities may stand as grounds for denial of the building permit.

will require consideration of whether or not Cumberland's proposed use is permitted of right or requires some form of zoning relief (variance or special permit).[11] The latter issue has not been determined by the trial court. In any event, we vacate the judgment and remand for further consideration or proceedings not inconsistent with this opinion.

*So ordered.*

---

[11] "[D]ecisions involv[ing] conditions imposed upon a use allowed *as of right* are significantly different from a special permit case" (emphasis in original), *Osberg* v. *Planning Bd. of Sturbridge*, 44 Mass. App. Ct. 56, 58 (1997), quoting from *V.S.H. Realty, Inc.* v. *Zoning Bd. of Appeals of Plymouth*, 30 Mass. App. Ct. 530, 534 (1991). "The substance of site plan review of a use as of right is fundamentally different from the considerations involved in the special permit process." *Osberg* v. *Planning Bd. of Sturbridge, supra.* See *Prudential Ins. Co.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. at 280-282.