Donohue, J.
Plaintiff, Rehabilitative Resources, Inc., brought this action, pursuant to G.L.c. 40A, §17, challenging the defendants,’ members of the Planning Board of the Town of Sturbridge, decision to deny approval of a site plan in connection with the issuance of a building permit. This matter is before the court on both parties’ motions for summaryjudgment. Because of the dispositive issue raised by the defendants, the court will treat defendants’ motion as a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(1). For the reasons set forth below, defendants’ motion is allowed.
BACKGROUND
This matter involves an appeal of a July 9, 2002 decision by the defendants, disapproving a site plan submitted by plaintiff. The site plan, which depicted the proposed construction of an office building and related improvements on a lot already containing an office building, was denied approval, because it allegedly lacked the necessary frontage, lot width and setback, and because the proposed use would exacerbate existing traffic congestion on the abutting public way. As set forth below, the complaint must be dismissed for lack of subject matter jurisdiction.
DISCUSSION
Subject matter jurisdiction refers to whether a court can hear a particular type of suit. Lack of subject matter jurisdiction is the only 12(b) motion that can be made at any stage of the proceedings. Mass.R.Civ.P. 12(g), (h). A court should decide the issue of whether it has jurisdiction over the subject on its own motion if the parties have not raised the issue. See Mark v. Kahn, 333 Mass. 517, 519 (1956). Subject matter jurisdiction is an issue to be determined solely by the court, therefore the parties cannot waive jurisdiction or confer jurisdiction where it does not exist. See id.
The statutorily required submission of zoning disputes to local authorities is so central to the architecture of G.L.c. 40A, that courts of the Commonwealth have required the exhaustion of administrative remedies as a prerequisite to judicial review. See Quincy v. Planning Board of Tewksbury, 39 Mass.App.Ct. 17, 20 (1995) (citations omitted). “Within the zoning context, therefore, principles of exhaustion require that a person aggrieved by the action of a local zoning administrator . . . must first attempt to redress the grievance through the local board of appeals before seeking judicial review.” Id.
Where the municipal body charged with the site plan review is designated a special permit granting authority for that purpose, a site plan review decision is directly appealable to the Superior Court pursuant to G.L.c. 40A, §17. See id. at 21-22. When, however, the site plan review does not result in the issuance of a special permit, but is required in connection with the issuance of a building permit, the review “is not a final action, but only a prerequisite to the grant of the [building] permit.” St. Botolph Citizens Comm., Inc. v. Boston Redev. Authy., 429 Mass. 1, 9 (1999). The appeals court has already established that the site plan review procedure in Sturbridge is not a special permit process, but is a review process in connection with the issuance of a building permit. See Osberg v. Planning Board of Sturbridge, 44 Mass.App.Ct. 56, 57-59 (1997).
If site plan review is required as a condition of the issuance of a building permit, “the right of an aggrieved person to appeal a local planning board’s site plan review decision arises only when the building permit for the proposed project is issued or denied by the building inspector.” St. Botolph Citizens Comm., Inc., 429 Mass. at 9, citing Quincy, 39 Mass.App.Ct. at 20-22. See Dufault v. Millennium Power Partners, 49 Mass.App.Ct. 137, 140-42 (2000). A person aggrieved by reason of his inability to obtain a building permit may appeal to the permit granting authority as the *507 bylaw may provide. G.L.c. 40A, §8. In Sturbridge, that authority is the Zoning Board of Appeals.
Plaintiff argues that it would be an exercise in absurdity and futility to request a building permit which would automatically be denied because of the lack of site plan approval; then it would have to go through another hurdle, the board of appeals. While the court is sympathetic to plaintiffs frustrations, the case law is clear that in order to proceed to the courts, all administrative remedies must be exhausted, without regard to whether the appeal is from an approval of the site plan or the denial of the same. See St. Botolph Citizens Comm., Inc., 429 Mass. at 9; Quincy, 39 Mass.App.Ct. at 20-22. Because the plaintiff has not exhausted its administrative remedies, it is premature for this court to entertain this action.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs complaint be DISMISSED for this court lacks jurisdiction.