Kern, Leila R., J.
Gerard Flaherty brings this action seeking judicial review of the Massachusetts Police Department Board on Claim’s decision denying his injury claim. Flaherty, a former Massachusetts State Police Trooper, contends that he has suffered both psychological and physical injuries as a result of a traumatic incident during which he shot and killed a suspect. He seeks to recover his salary for the period between April 2001, when he stopped working, and June 7, 2006, when his retirement benefits commenced. The defendants argue that this court does not have jurisdiction to hear this action as an administrative appeal pursuant to G.L.c. 30A or as an action in the nature of certiorari pursuant to G.L.c. 249, §4. After review of the record, the case is DISMISSED for lack of jurisdiction.
BACKGROUND
The facts are taken from the Administrative Record (“A.R.”).
On May 16, 1988, Flaherty participated in a high-speed pursuit on the Massachusetts Turnpike. The chase concluded at a rest area, where the fleeing suspect exited his vehicle, pinned another state trooper to the hood of a vehicle, and assaulted that trooper with a knife. The suspect attempted to attack Flaherty, but Flaherty shot and killed the assailant. A.R. at 3.
The State Police Review Board exonerated Flaherty of any wrongdoing. The decedent’s family, however, filed a wrongful death action against the Commonwealth and Flaherty. As a result, Flaherty was advised not to accumulate assets in the event the family prevailed. The suit continued for five years, during which time Flaherty’s mental health deteriorated. He became anxious and depressed. These conditions inhibited his job performance, and he finally stopped working completely in 2001. Flaherty was taken off payroll and did not subsequently receive any benefits, sick leave or vacation pay. A.R. at 4.
Flaherty has been evaluated by State Police doctors three times regarding his mental condition. Dr. Melvin Lurie examined Flaherty in September 2003 and concluded Flaherty was totally disabled due to post-traumatic stress disorder (“PTSD”) and this constituted a permanent disability. A.R. at 5, 19-24. Dr. Russell Vasile saw Flaherty in March 2006 and noted that Flaherty’s “psychiatric disorders, specifically his post-traumatic disorder, are causally related to his work as a Massachusetts State Trooper as it is specifically related to the shooting incident on May 16,1988.” A.R. at 18. Dr. Vasile also wrote that Flaherty’s police duties “act as very specific triggers to his post-traumatic stress disorder symptoms and undermine his ability to function effectively...” Id. Finally, Dr. Brian Morris examined Flaherty in April 2006 and observed that Flaherty exhibited signs of PTSD and depression, “(t]he PTSD appear(ed) to be related to the shooting incident at work,” and Flaherty was not “fit to work as a MSP Trooper.” A.R. at 10.
Flaherty filed a claim of injury in September 2006, alleging he was entitled to compensation for the time he was disabled from work. Complaint at 2, para. 7. The Board, believing that Flaherty did not have a “physical injury,” refused to hear the claim. It maintained that it could only hear claims of physical injuries, not “emotional injuries.” Pl.’s Memo, at Ex. A. Utilizing the procedures set forth in G.L.c. 22C, §43, Flaherty appealed to the Colonel of the State Police. The Colonel refused to hear the appeal, noting that the Board’s decision was not an “order” subject to appeal under G.L.c. 22C, §43. Id. at Ex. B. Flaherty tíren brought suit on March 5, 2007 in Superior Court, seeking further review of the Colonel’s decision. On September 26, 2007, this court (Curran, J.) ordered the Board to hold a hearing “on the issue of Mr. Flaherty’s physical injuries from 2001 until June 2006.”[3]
The Board met on November 13, 2007 and voted to deny Flaherty’s claim on grounds that the medical evidence did not support a claim of physical injury. *286 A.R at 36-38. It found that Flaherty’s “symptoms are consistent with [his] underlying psychological problems, namely post-traumatic stress disorder.” A.R at 37 (emphasis in original). Flaherty and his attorney were not allowed to appear at the Board’s meeting. A.R at 26.
Flaherty brought this second Superior Court action on December 7, 2007, asking this court to review the Board’s decision. His request for relief is based on two provisions authorizing judicial review in the Superior Court, G.L.c. 30A, §14 and G.L.c. 249, §4.
DISCUSSION
I. Review under G.L.c. 30A, §14
General Laws c. 22C, §2 creates the department of state police subject to the supervision and control of the Colonel. The Colonel has charge of the administration and organization of the department, with the authority to “organize such divisions, bureaus, sections, and units as he deems necessary.” G.L.c. 22C, §3. He directs all inspections and investigations and makes the necessary rules and regulations for the department. Id.
Pursuant to the authority granted to him in G.L. c. 22C, the Colonel has established the Board to hear “cases of claims relating to injuries incurred by any member . . . actually performing police services.” See Def.’s Response to Pl.’s Motion: Addendum — Department of State Police Rules & Regulations at 8.1.1. The Board may proceed in any manner as it deems fair and appropriate. Id. at 8.1.6. At the conclusion of a Board hearing, it must summarize the claim and make findings. Id. at 8.1.8.
Although Flaherty’s G.L.c. 22C, §43 action appealing the Colonel’s denial of his claim remains open, Flaherty has now invoked the Superior Court’s authority a second time, pursuant to G.L.c. 30A, §14, to review the Board’s administrative decision. General Laws c. 30A, §14 states, in part, that absent “any provision of law expressly precluding] judicial review, any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding . . . shall be entitled to a judicial review thereof.” Where, however, a statutory form of judicial review or appeal is provided, “such statutory form shall govern in all respects.” The agency’s decision may be reversed, remanded, or modified if “the substantial rights of any party may have been prejudiced” because the decision is based on an error of law or on unlawful procedure, is arbitrary and capricious, or is unwarranted by facts found by the agency supported by substantial evidence. G.L.c. 30A, §14(7); Merisme v. Bd. of Appeal on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
Flaherty cannot seek relief under G.L.c. 30A. Chapter 30A judicial review is unavailable where another form of review is provided by statute. Chapter 22C provides a form of judicial review. Specifically, G.L.c. 22C, §43 allows “[a]ny person aggrieved by an order approved by the colonel [to] appeal to the superior court.” The statute provides that the superior court “shall have jurisdiction in equity upon such appeal to annul such order if found to exceed the authority of the department or upon petition of the colonel to enforce all valid orders issued by the department.” Flaherty must utilize the procedure identified in G.L.c. 22C, §43, rather than resort to the default c. 30A provisions in place for circumstances where a statute has no form of judicial review or appeal. See G.L.c. 30A, §14. See also New England Milk Dealers Ass’n, Inc. v. Dep’t of Food & Agric., 22 Mass.App.Ct. 705, 706-09 (1986) (statutory method for obtaining judicial review of rule making proceedings created an “exclusive method of review,” precluding application of G.L.c. 30A, §14 procedure).[4]
Because Flaherty must bring an action for judicial review of the Board’s decision pursuant to G.L.c. 22C, §43, this court does not have subject-matter jurisdiction under G.L.c. 30A, §14 to hear the case.
II. Review in the Nature of Certiorari
Review in the nature of certiorari pursuant to G.L.c. 249, §4 is available for judicial or quasi-judicial proceedings where no other form of review is available and review is necessary to correct a substantial injury or injustice arising from the procedure at issue. See Walpole v. Sec’y of Executive Office of Envtl. Affairs, 405 Mass. 67, 72 (1989); Cumberland Farms, Inc. v. Planning Bd. of Bourne, 56 Mass.App.Ct. 605, 607 (2002). Certiorari is available to review an administrative decision, after a hearing required by law, but is not available with respect to wholly discretionary decisions as to which no rule or law entitles any affected party to a hearing. Walpole, 405 Mass. at 72-73 (unavailable to challenge approval of siting of sludge disposal facility). It is not an additional or alternative avenue of appellate review. Cumberland Farms, Inc., 56 Mass.App.Ct. at 607.
Flaherty’s attempt to seek review in the nature of certiorari runs into a problem similar to his difficulties under c. 30A. Chapter 22C, §43 provides a method for judicial review of the Board’s decision. Review under G.L.c. 249, §4 is limited to situations where a statute provides no avenue of appeal. See id.; Drayton v. Comm’r of Corr., 52 Mass.App.Ct. 135, 140 (2001) (certiorari procedure provides remedy where none would otherwise exist). Flaherty cannot meet the requirements necessary for an action in the nature of certiorari. See Cumberland Farms, Inc., 56 Mass.App.Ct. at 607 (requisite elements are judicial or quasi-judicial proceeding, lack of all other reasonably adequate remedies, and substantial injury or injustice arising from proceeding under review).
Thus, this court cannot exercise jurisdiction over this matter under G.L.c. 249, §4.[5]
ORDER
Therefore, it is hereby ORDERED that the case be DISMISSED.

 The case, Flaherty v. Delaney, MSCV07-0837-F, is still open. According to the docket, the last entry was the court’s *287 denial of the defendant’s motion to dismiss and its order directing the Board to conduct the hearing.

 As explained, Flaherty must utilize the procedure outlined in G.L.c. 22C, §43. Even if he began with G.L.c. 30A, that statutes’ provisions would direct Flaherty back to G.L.c. 22C. The Colonel, however, lawfully exercising the broad power given to him under G.L.c. 22C, §3, has not issued an “order” that can be reviewed pursuant to G.L.c. 22C. Consequently, a remedy under G.L.c. 22C'may be foreclosed; that will be determined in MSCV07-0837F, see supra fh.3. This court recognizes Flaherty’s difficult situation, but it is forced to deny relief based on the statutory language, the department regulations, and the Colonel’s inaction.

 This court’s inability to grant Flaherty a remedy, or to hear his appeal, does not close off all possible avenues of relief. He may raise the arguments presented to this court, most importantly that the Board’s hearing was inadequate under this court’s order, in Flaherty v. Delaney, MSCV07-0837-F.