NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-260

MORSE BROTHERS, INC.

vs.

TOWN OF HALIFAX & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The town of Halifax, through its select board (town), pursuant to its nonzoning police power to regulate earth removal under G. L. c. 40, § 21 (17), and its earth removal bylaw (bylaw), required Morse Brothers, Inc. (Morse Brothers) to obtain a permit with numerous conditions[2] to continue cranberry bog sanding, which it had been conducting for over forty-five

---

[1] Select Board of Halifax.

[2] The permit contained a list of twenty-five conditions, which among others, restricted the time, days, and manner in which Morse Brothers was permitted to engage in its bog maintenance; restricted the transport of sand on the town's public ways; made Morse Brothers strictly liable for "spillage" on public ways; required Morse Brothers to pay a "fee" based on the volume of sand used; and required Morse Brothers to provide the town "free access to the Property to conduct weekly inspections at any time without prior notice."

years.  Morse Brothers applied for the permit under protest, and claimed an exemption to the bylaw because the removal and transport of sand for maintaining and improving its cranberry bogs were protected agricultural activities under G. L. c. 40A, § 3.

Morse Brothers filed a Superior Court action in the nature of certiorari, see G. L. c. 249, § 4, which challenged the permit and its conditions.[3]  On cross motions for judgment on the pleadings, a Superior Court judge allowed Morse Brothers's motion and denied the town's motion.  The town appeals, and we affirm.[4]

A civil action in the nature of certiorari under G. L. c. 249, § 4, is "to relieve aggrieved parties from the injustice arising from errors of law committed in proceedings affecting their justiciable rights when no other means of relief are open."  Figgs v. Boston Hous. Auth., 469 Mass. 354, 361 (2014), quoting Swan v. Justices of the Superior Court, 222 Mass. 542, 544 (1916).  "The scope of judicial review for an action in the nature of certiorari under G. L. c. 249, § 4, is limited." Retirement Bd. of Somerville v. Buonomo, 467 Mass. 662, 668

---

[3] Morse Brothers also sought declaratory relief pursuant to G. L. c. 231A, § 1.

[4] We acknowledge the amicus brief filed by Pioneer New England Legal Foundation.

2

(2014).  The judge's role on certiorari review is to "correct substantial errors of law apparent on the record adversely affecting material rights."  Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531, 540-541 (2014), quoting Firearms Records Bur. v. Simkin, 466 Mass. 168, 180 (2013).  We review the record to determine whether the municipality's decision was "arbitrary and capricious, unsupported by substantial evidence, or otherwise an error of law."  Hoffer v. Board of Registration in Med., 461 Mass. 451, 458 n.9 (2012).  Finally, we review a decision allowing a motion for judgment on the pleadings de novo.  Delapa v. Conservation Comm'n of Falmouth, 93 Mass. App. Ct. 729, 733 (2018).

The town claims the judge erred by determining that Morse Brothers was entitled to an agricultural exemption to the permitting process required by the bylaw.  We disagree.  At play in this case is the intersection and application of two statutes:  G. L. c. 40, § 21 (17), which regulates a landowner's earth removal activity, and G. L. c. 40A, § 3, which protects a landowner's right to engage in agricultural land use.  These potentially conflicting statutes must be construed in a manner which harmonizes them to be consistent with their legislative purposes.  See Concord v. Water Dep't of Littleton, 487 Mass.

3

56, 60 (2021); McNeil v. Commissioner of Correction, 417 Mass. 818, 822 (1994).

Section 21 of chapter 40 includes an express limitation of a local government's authority to regulate earth removal, prohibiting towns from acting in a manner that is " repugnant to law."  G. L. c. 40, § 21.  Importantly, G. L. c. 40A, § 3, expressly prohibits towns from requiring a special permit to engage in agricultural activity.  Section 3 states:  "No zoning ordinance or by-law shall . . . unreasonably regulate, or require a special permit for the use of land for the primary purpose of commercial agriculture, aquaculture, silviculture, horticulture, floriculture or viticulture . . . ." (emphasis added).

As is readily discernible, the intersection of these statutes does not redound to the town's benefit.  Here, the town's permit requirement for the Morse Brothers's cranberry bog sanding operation is repugnant to G. L. c. 40A, § 3.  In broader terms, when a landowner engages in earth removal activity that is also a protected land use under G. L. c. 40A, § 3, a town may not exercise its police power in ways that are "repugnant to" the landowner's protected agricultural activity.  See Newbury Junior College v. Brookline, 19 Mass. App. Ct. 197, 206 (1985) (municipality may not, through exercise of statutory power to

4

license lodging houses, "undo" G. L. c. 40A, § 3, which protects dormitories as educational land use).

The town also claims that G. L. c. 40A, § 3, applies only to zoning ordinances, and that the bylaw was not enacted pursuant to § 3, but rather pursuant to G. L. c. 40, § 21 (17), which relates to earth removal projects. However, as the judge properly determined, the town cannot exercise its licensing authority in a manner that undermines the protection found in G. L. c. 40A, § 3. See Rayco Inv. Corp. v. Board of Selectmen of Raynham, 368 Mass. 385, 394 (1975) (municipality cannot exercise independent police powers in manner which frustrates purpose of general or special law enacted by Legislature). In other words, a property owner's protected land use simply cannot be "dependent on the discretionary grant of a special permit by the [town]." The Bible Speaks v. Board of Appeals of Lennox, 8 Mass. App. Ct. 19, 32 (1979).[5]

---

[5] The town also claims that it is not prohibiting Morse Brothers's agricultural use of its land, but is merely subjecting that use to reasonable conditions similar to a site plan review bylaw. However, the cases the town relies on in support of this claim are inapposite. See Valley Green Grow, Inc. v. Charlton, 99 Mass. App. Ct. 670, 674 (2021) (cannabis production expressly excluded from agriculture protected by G. L. c. 40A, § 3); Dufault v. Millennium Power Partners, L.P., 49 Mass. App. Ct. 137, 139 (2000) (site plan review of electric generating facility unrelated to agriculture); and an unpublished Land Court decision related to solar facilities, not agriculture protections.

Similarly, the town's imposition of numerous and onerous conditions in the permit would substantially impede Morse Brothers's ability to grow its cranberry crops, making the conditions repugnant to G. L. c. 40A, § 3.  See Trustees of Tufts College v. Medford, 415 Mass. 753, 759-760 (1993).  As the judge held, the permit conditions are arbitrary and capricious.  The judge properly determined, "[t]he administrative record contain[ed] no fact finding by the [b]oard to support the conclusion that Morse's trucks pose any greater hazard than traffic in the area generally, although residents vehemently expressed the belief that they do."  In fact, the board made no actual findings of any specific traffic concerns tied to any of the specific permit conditions.

In addition, the judge also properly determined that the town had no basis or authority for the transportation restrictions imposed by the permit conditions.  Section 21 (17) of chapter 40 does not confer power on towns to restrict transportation even if arguably related in some fashion to earth removal.  See Stow v. Marinelli, 352 Mass. 738, 742-743 (1967).  Although Morse Brothers must abide by the laws and regulations that apply to the inspections, licensing, speed, liability, and operations of all vehicles and operators on the town's public ways, the town simply lacks authority to apply separate traffic

6

regulations under its earth removal bylaw.  See id. at 743 ("General Laws c. 40, § 21 (17), does not confer upon towns an additional power to regulate traffic").  The conditions restricting transportation are invalid.

The town also acted "repugnant to law" when it imposed a costly fifty cent "fee" for each cubic yard of sand that Morse Brothers excavated and transported to its other properties. While Morse Brothers argued that the "fee" was an illegal tax, we agree with the judge that we need not reach that question because, based on the administrative record, the town failed to comply with its own internal procedures for the establishment of a uniform fee for all earth removal permits, instead choosing to impose a particular fee to this individual case.  As a result, the fee imposed here was arbitrary and capricious and based on an error of law.  Id.

In conclusion, the town's bylaw which required Morse Brothers to obtain a permit with numerous conditions was arbitrary and capricious, unsupported by substantial evidence, or otherwise an error of law.  Because the bylaw conflicts with, and is repugnant to, the agricultural protections found in G. L. c. 40A, § 3, it is unreasonable, and it may not be applied to

the Morse Brothers's cranberry sanding operation.

Judgment affirmed.

By the Court (Meade, Neyman &
Walsh, JJ.[6]),

Clerk

Entered: October 29, 2025.

---

[6] The panelists are listed in order of seniority.